HOUSTON & TEXAS CENTRAL RAILWAY COMPANY AND F. P. OLCOTT
v. THE STATE OF TEXAS.

No. 337.—Decided March 9, 1896.

**Receiver—When Not Necessary Party in Suit for Land.**

Action by the State in trespass to try title, filed September 3, 1891, against the railway company and Olcott. By amendment the plaintiff alleged that the lands sued for were illegally patented, under certificates issued to the railway company for sidings and turn-outs without authority of law, with prayer that the patent and certificates be cancelled. Among other matters the defendant pleaded in abatement that the railroad was, at the time of the filing of the suit, and still, in the hands of a receiver, and that the receiver was a necessary party. It appeared that the lands, under order of the U. S. Circuit Court, had been sold by the receiver in 1889 to Olcott, and the sale approved. The Circuit Court subsequently, and on account of litigation seeking to set the sale aside, ordered that the receiver retain possession of the lands. Held, that the receiver was not a necessary party to the suit and the trial court did not err in hearing and proceeding to judgment without making the receiver a party, nor in overruling the plea to abate the suit.

QUESTIONS CERTIFIED by the Court of Civil Appeals for Third District, in an appeal from Travis County.

*Baker, Botts, Baker & Lovett,* for appellants.—By the receivership the property was placed in the custody of the Circuit Court of the United States to be possessed, administered, and disposed of, by that court, as it should determine, and while so possessed and administered, no other court could, without that court's consent, determine any right to it. Rev. Stats., arts. 167, 2291; High on Receivers, sec. 2; Beverly v. Brooke, 4 Grat., 187; Porter v. Sabin, 149 U. S., 473; Davis v. Gray, 16 Wall., 203; Wiswall v. Sampson, 14 How., 52; Ellis v. Water Co., 86 Texas, 109; Edwards v. Norton, 55 Texas, 410; Russell v. Railway, 68 Texas, 646; Brown Receiver v. Brown, 71 Texas, 355.

The character, object and purpose of an action of trespass to try title, as designed by our statute, is to settle and determine the title and right of possession to land; and when it is duly made to appear in the progress of such action that there are other persons, without whose presence as parties the court cannot settle the title and place either party before it in possession of the land in controversy, such other persons become necessary parties, and the cause should not proceed without them.   Rev. Stats., arts. 4760, 4808.

The property sued for being in the custody of the Federal Court, the jurisdiction and control of that court over it was exclusive; and a judgment of another court, purporting to pass the title to it, though disclaiming interference with the actual possession, was none the less an interference with such exclusive jurisdiction and as invalid as would be a sale under execution. City Water Co. v. State, 32 S. W. Rep., 1033; Threadgill v. Pumphrey, 87 Texas, 573; McNulta v. Lochridge, 141 U. S., 327; Railway v. Cox, 145 U. S., 593; Angel v. Smith, 9 Veas., 335; Brook v. Greathed, 1 J. & W., 176.

*T. D. Cobbs,* also for appellant.—The court erred in overruling defendants' plea that there was a want of necessary parties to the suit, because it was shown that Charles Dillingham was receiver, and in possession of the property sued for prior to the institution of said cause, by virtue of an appointment made in consolidated cause No. 198—Nelson S. Easton et al. v. The Houston and Texas Central Railway Company et al.—pending in the United States Circuit Court for the Eastern District of Texas, at Galveston; and so being in possession of said property under the orders and decrees of said United States Circuit Court, he was a necessary party to this suit.   Rev. Stats., arts. 4788, 4789, 4790; Sayles' Civil Statutes, art. 1209 and note; Ship Channel Co. v. Bruly, 45 Texas, 8; De la Vega v. League, 64 Texas, 205; Holloway v. McIlhenny, 77 Texas, 659.

*M. M. Crane,* Attorney General, for appellee.—The receiver could not legally claim the possession of property belonging to any person other than the defendant company.

By order of the court authorizing the sale of the lands in controversy, the sale report thereof stating that the terms had been complied with, the

confirmation of the sale, the delivery of the deed conveying the land in question to Olcott, his acceptance thereof as evidenced by his having the deed recorded in the several counties in which the lands were situated, and the payment of the purchase money recited in said deed, all title to the land in controversy was divested out of the defendant company and vested in F. P. Olcott. Until this sale and the order confirmatory thereof shall be set aside and annulled, the legal title and right of possession must remain in Olcott. Russell v. Railway, 68 Texas, 653; Beach on Receivers, sec. 516; Walker v. Morris, 14 Ga., 323; Koontze v. Northern Bank, 16 Wall., 200-203.

If the foregoing positions can be maintained, it is clear that the receiver was not a necessary nor a proper party to the suit. Remembering that there was no actual possession of the property in controversy, is it not necessarily true that the legal constructive possession must follow the legal title? If, however, it could be said that the receiver had any sort of possession of the land in controversy, it is submitted that his possession was not that of a receiver or arm of the court, but was that of an agent of Olcott, because the receivership, so far as this particular land in controversy was involved, was at an end. Beach on Receivers, sec. 517; Railway v. Johnson, 76 Texas, 421; Railway v. Gay, 86 Texas, 571; Hickox v. Holiday, 29 Fed. Rep., 226; Very v. Watkins, 23 Howard, 469.

But should it be held that the propositions above insisted on cannot be maintained, it is submitted that, inasmuch as this was a suit to try the title to the property in controversy, and no relief was sought at the receiver's hands and none prayed for as against him, nor was it sought to dispossess him of any property, that the receiver was not a necessary nor a proper party. In the language of a distinguished text writer, "In order to make the receiver a proper co-defendant with the original debtor in an action against the latter, some right to relief at the receiver's hands should be stated, and some relief prayed as against him." High on Receivers, sec. 258; Arnold v. Suffolk Bank, 27 Barb., 424; Tracy v. Nat'l. Bank of Selma, 37 N. Y., 523; Wilson v. Wilson, 1 Barb. Ch., 592; Beach on Receivers, sec. 708; Patrick v. Eells, 30 Kans., 680; N. P. Bank v. Goddard, 20 N. Y. Sup., 526.

The defendant company had no right to ask that the receiver be made a party. His being made a party could not inure to its benefit. As to whether his rights should be concluded by that particular suit was of no consequence to defendant company. The question was, whether they had any title to the land in controversy. The judgment would conclude both appellants, whatever it might be. As to whether the receiver was bound by it was quite a different question. If he had any rights in the litigation other than those set up by the defendants, it was his duty to ask to be made a party; and it was not error to refuse the application made by the other defendants to have him made a party, or to abate the suit by reason of the fact that he was not a party. Or, as has been stated by a text writer, "It is also held that the receiver himself should make

application to be joined as a defendant with the corporation over which he has been appointed; and that the refusal of such an application made by the corporation is not error; nor is the plaintiff bound to bring in the receiver." Beach on Receivers, latter part sec. 708; Mercantile Ins. Co. v. James, 87 Ill., 199; Mercantile Trust Co. v. Pittsburg, 29 Fed. Rep., 732.

*C. A. Culberson,* also for appellant.—The District Court had jurisdiction, notwithstanding the pending receivership proceedings, because:

(1.) The parties appeared, joined issue, and only interposed the objection one year after the institution of the suit. Elkhart Car Works Co. v. Ellis, 113 Ind., 215; Hubbell v. Dana, 9 How. Pr. (N. Y.), 424.

(2.) The equitable rule of comity invoked has no application to the facts of this case. It only applies where the suit is against the receiver, or where his possession is disturbed or sought to be. Here the suit is against Olcott and the company, not Dillingham, the receiver, and judgment as to title and possession is only asked as against the parties to the suit. Gluck & Becker, Receivers, sec. 35.

(3.) Notwithstanding the appointment of the receiver, Olcott and the company could be sued without leave of the appointing court. Gluck & Becker, Receivers, 26, 27; Bethel Bank v. Bank, 14 Wall., 383; Pringle v. Woodworth, 90 N. Y., 502; Gluck & Becker, Receivers, 82, 83.

(4.) If this suit be within the old rule of equity which prohibited suits against receivers and disturbance of their possession without leave, it is inapplicable since the passage of the Federal statute of March 3, 1887. 24 U. S. Statutes at Large, 554.

(5.) The record discloses that the lands had been sold to Olcott and the sale confirmed by the court; that Dillingham was not receiver, but merely the agent of Olcott, and suit against the latter was properly instituted. Beach, Receivers, sec. 517; Railway v. Johnson, 76 Texas, 421; Railway v. Gay, 86 Texas, 571; Hickox v. Holladay, 29 Fed. Rep., 226; Very v. Watkins, 23 How., 469.

(6.) Since the trial of this cause, of which this court should take judicial notice, the pretended receivership of these lands has ceased altogether.

BROWN, Associate Justice.—The Court of Civil Appeals, Third Supreme Judicial District, certified to this court the following statement and questions:

"Statement.—This suit was originally brought September 3, 1891, in the District Court of Lipscomb County, by the State of Texas, acting by her Attorney General, C. A. Culberson, against the Houston & Texas Central Ry. Co. and Frederick P. Olcott, to recover 170,880 acres of land. The action, as originally brought, was in form of trespass to try title. November 27, 1891, the appellants, having been duly served, filed general demurrer and plea of not guilty.

"There was a regular term of the District Court of Lipscomb County in November, 1891, and regular terms in June and November, 1892. November 30, 1892, the case was transferred to the Travis County District Court by agreement of parties, the agreement stipulating that no effect should be given thereto as to any right of defendants to remove the cause to the federal court. The cause was tried in District Court of Travis County and judgment rendered for plaintiffs for the land, and defendants appealed. May 3, 1892, the State filed an abstract of its title, claiming to own the land.

1. By the declaration of the people of Texas, November 7, 1835, and March 2, 1836.

2. The Constitution of the Republic of Texas, the several constitutions of the State of Texas and the statute laws thereof.

3. The articles of annexation dated March 1 and June 23, 1845; the ordinance of the convention dated July 4, 1845, and the resolution of the U. S. Congress of December 29, 1848.

4. The fact that the title of the State to said land has never been diverted either or by lawful means. This abstract of title was amended May 23, 1892, claiming that the Houston and Texas Central Railway Co. had failed to alienate the lands sued for, granted by the State, in the time required by the Constitution and laws granting the lands, whereby they were forfeited to the State.

"November 29, 1892, defendants filed in the District Court of Lipscomb County an amended answer, in substance: That Charles Dillingham, at the time suit was brought, was receiver of the railway company by appointment of the United States Court for the Fifth and Eastern District of Texas, setting out the orders so constituting him receiver, and that as such receiver he was in possession of the lands sued for, was authorized by the court to defend all suits in the name of the company; and for plea to the jurisdiction say that at the time, before suit and now, the Houston & Texas Railway Co., its lands, franchises and properties were, and are, in possession of the said Circuit Court, through its receiver, wherefore it is claimed in the plea "that the said Circuit Court has exclusive jurisdiction of the present cause; that this suit was filed without leave of said Circuit Court, and that therefore this court is without jurisdiction in the premises." This answer is simply signed by attorney for defendants. In the same paper filed the answer sets up the same matter showing the appointment of one Dillingham as receiver of the properties of the H. & T. C. Ry. Co. by the United States Circuit Court prior to the institution of this suit, and is now such receiver, as shown in the plea to the jurisdiction, having full power to defend all suits in respect to the property of the H. & T. C. Ry. until the same is turned over to the purchaser thereof; that the property is still in his hands as receiver and he has not been relieved of his trust; that Dillingham is a necessary party to the suit, which they plead and ask judgment of the court. This part of the answer asking that the receiver be made a party is signed by attorney for defendants and sworn to by him.

"The certificate and patents for the land in suit were issued to the railroad company for sidings and turn-outs—not for the construction of the main line of the railroad—to-wit.: 17 miles and 4349 feet of sidings, or 3 miles and 1694 feet, north of the town of McKinney. The State claimed, by amendment filed in the District Court of Travis County on the 3d day of January, 1893, in addition to the ordinary action of trespass to try title, that there was no law in force in Texas authorizing the issuance of the certificates and patents for the land for sidings and turnouts, and that they were issued without authority of law, and in violation of the Constitution of the State then in force.

"The prayer asked a cancellation of the certificates and patents. Other matters were set up that need not be noted in this proceeding. The rights of the parties depend upon the construction and application of the general laws of the State regulating the grant of land to railway companies, the Constitution and special laws as to the defendant railway company and its predecessor, the Galveston & Red River Railway Company.

"The proof shows, and the court below proved (found), the facts to be, that receiver was appointed as alleged, and that the lands in suit are still in possession of the receiver Dillingham; that the lands had been sold under orders of the Circuit Court of the United States to defendant Olcott, the report of sale having been duly confirmed by the court the 8th of January, 1889, and a deed made to the purchaser in 1889, which had been recorded in the counties where the land was situated, the deed reciting that the terms of the sale had been complied with by Olcott; but that one Cory had brought an independent suit to set aside the sale to Olcott, which was decided against him, Cory, the Circuit Court refusing to set aside the order confirming the sale, from which an appeal was taken, which appeal is now pending; and that by an order of the said court said property, embracing the property in controversy in this suit, is still held by the receiver pending said appeal." The court also found, and it is true, "that there never has been any actual possession by anyone of the lands in controversy, they being open, unimproved lands." The court below also found, and it is true, that this suit was brought by direction of the Governor of the State." From the foregoing facts the court below concluded as law, "That this suit having been brought by direction of the Governor for the sole purpose of determining the question of title to the lands in controversy between the State of Texas and the defendants, the Houston & Texas Central Railway Co. and F. P. Olcott, the same may be maintained for said purpose, notwithstanding the facts that the said railway company and lands in controversy are still in custody of a receiver appointed by the federal court and that this suit is brought without permission of the federal court." Judgment was rendered for the State on the 18th day of March, 1893, overruling the plea to the jurisdiction, as well as the plea that there is a want of necessary parties, adjudging that the State have and recover from the defendants the land sued for, cancelling the certificates and patents, all at the costs of de-

fendants, awarding execution for such costs, but failing to award any writ of possession to plaintiffs. There is no statement of facts in the case, therefore the facts found by the court below are taken to be true. We make the findings of fact and law by the court below, as found in the record, a part of the statement made by us so far as may be necessary to a full understanding by the Supreme Court of the questions now here certified.

QUESTIONS.—"The following questions arise under the foregoing statement and are necessary to be decided in this case, and we respectfully refer and certify them to the Supreme Court of the State for answer and decision:

"1. Did the judgment of the court below, failing to award a writ of possession to plaintiff, disturb the possession of the receiver of the land in suit, or interfere with the custody of the Circuit Court of the United States?

"2. Could the suit by the State be maintained in the state court without permisison of the said circuit court, that is, did the state court have jurisdiction under the circumstances of possession or constructive possession by the receiver, to entertain the suit and try the right and title of the parties plaintiff and defendant to the land without obtaining permission of the federal court, that court not interfering or being asked to interfere, by injunction or otherwise, with the prosecution of the suit in the state court? Is this question controlled by 3 of the Act of Congress of 1887? See Act of Congress, 1887, p. 554, sec. 3.

"3. Was the receiver, Dillingham, a necessary party to the suit, and did the court err in hearing and proceeding to judgment in the same without having made him a party thereto, or in overruling the plea to abate the suit?"    .

Under the view that we take of the third question, it is unnecessary for us to answer the first and second questions certified. The receiver not being a party to this suit, the first and second questions propounded are not material to the issues as we understand them.

This is an action of trespass to try title to certain lands described, and the following provisions of our law govern as to who may be made parties to that proceeding: Article 4790 of the Revised Statutes reads thus: "The defendant in the action shall be the person in possession if the permises are occupied, or some person claiming title thereto in case they are unoccupied." Article 4788 provides: "When a party is sued for lands, the real owner or warrantor may make himself or may be made party defendant in the suit, and shall be entitled to make such defense as if he had been the original defendant in the action." Article 4789 is in this language: "When such action shall be commenced against a tenant in possession, the landlord may enter himself as the defendant or he may be made a party on motion of such tenant and he shall be entitled to make the same defense as if the suit had been originally commenced against him."

The land in controversy was not occupied by anyone and the defend-

ants did not claim to hold it as tenant of the receiver of the Houston & Texas Central Railroad, nor was the receiver bound to them or either of them in the character of warrantor. If he had been either, it would not have been necessary for the plaintiff to make him a party defendant to the suit, but he might have been made a party at the instance of the defendant or on his own motion.

When the State instituted this suit it presented to the defendants an issue of title, and if they did not claim title to the land they should have entered their disclaimer; by filing a plea of not guilty they joined issue with the State upon the question of title. The fact that a third person claims title to the land in controversy will not entitle the defendants in the suit to have such third person made party thereto if the defendant does not claim as tenant of such third person. If a superior legal title to that of the plaintiff be in another person (which is not shown in this case), the defendant may show that fact as a defense against the plaintiff's right to recover, but this will not entitle him to force the plaintiff and the owner of such superior title to litigate their rights in that suit. The answer of the defendants in this case did not show such a state of facts as entitled them to have the receiver made a party defendant herein. (State v. W. L. & C. Co., 73 Texas, 453.)

We therefore answer the third question that the receiver of the Houston & Texas Central Railway Company was not a necessary party to this suit and the District Court did not err in overruling the defendants' plea in abatement and proceeding to trial without making the receiver a party defendant.