### R. S. Pardue et al. v. Wm. L. Whitfield.

Decided December 19, 1908.

#### 1.—Limitation—Break in Possession—Declarations of Grantor—Evidence.

After a grantor has parted with his interest in land his declarations and statements in derogation of the title conveyed are not competent evidence against third parties. But when the grantor remains in possession and subsequently executes another deed to a different party and surrenders possession to such party, the declaration of the grantor at the time of delivering possession concerning the title are admissible in evidence for the purpose of showing a break in the possession of said grantor under a claim of title by limitation by the first grantee.

#### 2.—Practice—Cross-Examination of Witness.

A party cannot complain of the reiteration or elaboration of testimony on cross-examination or redirect examination of a witness when said testimony was first brought out by the complaining party.

#### 3.—Parol Gift of Land—Evidence—Charge.

Upon the issue of a parol gift of land, charge of the court considered, and held, when viewed in the light of evidence, not subject to the objection that it was upon the weight of the evidence and placed a greater burden on the party claiming under the gift than the law required.

Appeal from the District Court of Collin County. Tried below before Hon. B. L. Jones.

*Abernathy & Abernathy,* for appellants.

*James M. Muse* and *L. J. Truett,* for appellee.

BOOKHOUT, Associate Justice.—This is a suit of trespass to try title instituted by William Whitfield against R. S. Pardue and T. B. Wilson. Defendants answered by general demurrer, plea of not guilty, plea of the statutes of limitations of three, five and ten years, parol gift of the lands in controversy, possession thereunder, and valuable improvements in good faith. The defendant Wilson answered further by cross-bill against his warrantor, Maggie Clarke, who answered by plea of coverture, whereupon Wilson dismissed his cross-bill. There was a jury trial, and verdict and judgment for plaintiff, and defendants appeal.

It is contended in the first assignment of error that the trial court erred in permitting the witness William Whitfield to testify that in 1896 Mrs. Nancy Adams gave him a deed to the land in controversy and told him to move on it, that it was his land, the evidence showing prior to this Nancy Adams had conveyed the land by warranty deed to Pardue, and no declaration of hers in disparagement of the title conveyed by her was admissible in evidence.

On the trial the plaintiff, William Whitfield, while testifying in the case, was asked to state "whether or not the witness, Nancy Adams, had given him a deed to the land in controversy and written him a letter in regard to same and the contents of said letter." To this question the defendants objected on the ground that Nancy Adams having parted with her title to the land and having executed a warranty deed to the defendant, D. C. Pardue, her statements and declarations were not admissible in disparagement of the title conveyed by her to D. C. Pardue under and through whom defendants deraign title. It is undoubtedly true that after a grantor has parted with his interest in the property his declarations and statements in derogation of his title are not competent evidence against third parties. The evidence showed that after Nancy Adams and her husband conveyed the land to D. C. Pardue they remained in possession. While they were in possession and after their conveyance they surrendered possession to the plaintiff Whitfield, and turned over to him the old deed from Lewis to W. L. Graves for the land and through which Adams and wife claimed. The defendants had plead and relied upon the three, five and ten years statutes of limitations. This evidence was offered and admitted to show that Nancy Adams surrendered possession of the land to Whitfield, causing a break in her possession. It was admissible for such purpose. (Thompson v. Weisman, 98 Texas, 170; Bryson & Hargrove v. Boyce, 41 Texas Civ. App., 415; Cobb v. Robertson, 99 Texas, 138.)

Again, this evidence seems to have been first developed by defendants (appellants here), upon cross-examination of the witness. He testified upon cross-examination, in answer to questions propounded by defendants, that Nancy Adams wrote him and told him it was his land and that he went there at her request. He had previously testified, without objection, that he went on the land and took charge of it. The testimony complained of was brought out on the redirect examination of the witness. Appellants having drawn out the evidence that Whitfield went in possession of the land and that Nancy Adams had stated to him the land was his and that he went there at her request, it was permissible to show that she surrendered possession of the land to him and turned over to him the deed to W. L. Graves. (Hicks v. Hicks, 26 S. W., 228; 1 Greenl. Ev., sec. 468.)

Error is assigned to the giving of the fourth paragraph of the charge which reads as follows: "The undisputed evidence further shows that defendants R. S. Pardue and T. B. Wilson own by regular conveyance whatever interest John K. Adams and his wife, Nancy Adams, had in said land; so, if you believe from the evidence that the said W. L. Graves had an agreement with the said John K. and Nancy Adams to the effect that if they would take care of him and give him a home during his lifetime that he would give to the said Nancy Adams this tract of land, known as the Adams homeplace, and described in the evidence as the W. L. Graves 130-acre tract, and also that tract of land described in the evidence as the 29-acre tract, which is the one that is in controversy in this suit, and if you further believe from the evidence that in pursuance with said agreement with the said W. L. Graves, if you find there was any such

agreement, the said John K. and Nancy Adams during the lifetime of said Graves moved on said land and made improvements thereon, and also improvements on the 29-acre tract, and did take care of and furnish a home to said W. L. Graves during the remainder of his life and did the same because of the said agreement they had made with the said Graves, then you will find for the defendants and so state in your verdict."

The contention is that the charge was on the weight of evidence and placed a greater burden on defendants than required by law; that it placed upon defendants the burden of showing that there was an agreement between Adams and wife and W. L. Graves that they would take care of him and give him a home during his lifetime in consideration of his giving Nancy Adams the 130 acres and the 29 acres, and that they moved on the land and made improvements thereon, and did take care of said Graves during the remainder of his life.

A judgment of the District Court of Collin County rendered in the case of Thomas P. Yearger, administrator of the estate of W. L. Graves, deceased, v. John and Nancy Adams, which was a suit by said administrator against John and Nancy Adams to recover 130 acres of land claimed to have been given to Mrs. Adams by W. L. Graves, was read in evidence. This judgment decrees to John and Nancy Adams 130 acres of land, but does not embrace the 29 acres, the subject matter of this suit. It was undisputed that Graves gave the 130 acres to Nancy Adams and that she and her husband moved on the same and made improvements thereon, and that W. L. Graves lived with them until his death. The only question in dispute, so far as the charge complained of is concerned, was as to the gift of the 29 acres. The decree read in evidence did adjudicate that Graves gave to Nancy Adams the 130 acres involved in that suit, and that John and Nancy Adams moved on the 130 acres of land during the lifetime of said Graves and made improvements thereon, and that he was taken care of during the remainder of his life by them. It did not adjudicate that he gave her the 29 acres involved in this suit. Whether there was a valid parol gift by W. L. Graves to Mrs. Adams of the 29 acres depended upon the finding of the jury that there was an agreement between W. L. Graves and John and Nancy Adams that if John and Nancy Adams would give him a home during his lifetime, he would give her the 130 acres and said 29 acres and that, in pursuance of said agreement, John and Nancy Adams, during the lifetime of said Graves, took possession of the same and made valuable improvements thereon, and that they did take care of and furnish said Graves a home during the remainder of his life. The charge, in substance, so instructed the jury and is in accord with the evidence, and is not subject to appellants' criticism.

It is contended that the court erred in refusing a special charge asked by defendants as follows: "If you should find and believe from the evidence in the case that the administrator of W. L. Graves brought suit in the District Court of Collin County, Texas, for the tract of land, and in his answer the defendant Adams set up a parol

gift by W. L. Graves, and that such gift so set up included the 29 acres of land, and that the validity of said gift was necessarily involved in the trial of that case, and that the issue was determined against Graves' administrator, you will in that event find that the gift was a valid gift and find for the defendants." The evidence did not authorize the giving of this charge, and it was properly refused. Nor did the evidence authorize the giving a charge on the five years statute of limitations, and defendants' special charge asking the submission of that issue was properly refused.

The evidence fairly supported the verdict and judgment and the appellants' contentions to the contrary are not sustained.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*