## BOOTY et al. v. O'CONNOR et al.
### (No. 9175.)

Court of Civil Appeals of Texas. Galveston.
Nov. 22, 1928.

Rehearing Denied Jan. 24, 1929.

John T. Vance and Rose & Sample, all of Edna, and Morris, Sewell & Morris and R. H. Ward, all of Houston, for appellants.

J. T. Linebaugh, of Victoria, and H. W. Wallace, of Cuero, for appellees.

PLEASANTS, C. J. This suit was brought by appellees on September 3, 1924, to recover from appellants the title and possession of a tract of 213.1 acres of land, a part of the Valentine Garcia grant, in Jackson county. The defendants in the suit were the administratrix and heirs of E. F. Booty, deceased, and R. E. Brooks, C. W. Boyce, Manuel Zambrano, and Saturnina Nanes.

The administratrix and heirs of E. F. Booty answered on October 2, 1924, by general demurrer, general denial, and plea of not guilty, and special plea of limitation against the right of plaintiffs to recover title to the land as the holders of the superior title reserved by the vendors of E. F. Booty to secure the payment of vendor's lien notes executed by him as part compensation for the land. These defendants further pleaded:

"That E. F. Booty, deceased, from whom these defendants inherit title, bought the land in controversy in the year 1912, paying a large part of the consideration in cash, and did, after his purchase, put said land, or a large part thereof, in cultivation at great expense to himself, and did, after said purchase, make further payments on said land, and paid the interest on said part of the purchase money as remained unpaid, from time to time until his death, and renewed said indebtedness with plaintiffs from time to time, contracting to pay a higher rate of interest than was stipulated in the original deed of conveyance to him, and made numerous and valuable improvements on said land after the purchase by him; that plaintiffs have, at all times, known of said payments, expense, and outlay by said E. F. Booty on said land, but nevertheless never at any time asserted or gave notice to said E. F. Booty, or the defendants, that they had or claimed in any manner title to said land, but, on the contrary, plaintiffs have always, at all times, insisted on and relied on their right to collect the debts they hold against said land, recognizing said E. F. Booty and these defendants as the owners thereof and frequently, from time to time, made demand on said E. F. Booty, and on these defendants, for payment of said debts, have never tendered to these defendants deed to said land, have no sufficient or any title thereto, and never before filing this suit gave these defendants notice of an intention to rescind, and have thus, by their agreements and actions, waived their right, if any they ever had, to rescind the contract of purchase of said land, and are now estopped to assert superior title to said land, if any they ever had as against these defendants; that it would now be inequitable and unjust to these defendants, after a large part of the purchase money on said land has been paid, and valuable improvements made thereon, and other large disbursements made on said land, as set forth above, to extinguish these defendants' rights, equities, and title to said lands in the manner as attempted by the plaintiffs in this suit. Wherefore these defendants pray that plaintiffs take nothing by their suit, and that defendants go hence without day and recover of the plaintiffs all costs in this behalf expended."

They further pleaded in the alternative that, if it be found that plaintiffs have a superior title because of unpaid purchase money due upon the land, that after ascertaining and fixing the amount so due the defendants·be decreed a reasonable time to pay said amount, and redeem the land.

The defendant R. E. Brooks answered on September 23, 1924, by general demurrer, general denial, and plea of not guilty, and by special plea setting up the purchase by him from plaintiffs, or their ancestor, of a note for $4,500 secured by a vendor's lien upon the land, and averring the facts in connection with said transaction as an estoppel and waiver of plaintiffs' right against this defendant to recover the land upon their superior vendor's lien title.

By amended answer, filed by this defendant on September 27, 1927, his special defenses are fully pleaded as follows:

"This defendant, further answering said petition, avers that plaintiffs have no title to the tract of land sued for in this case, save and except that E. F. Booty, deceased, in his lifetime purchased the tract of land mentioned and described in plaintiffs' petition from the owner thereof, giving in part consideration therefor certain vendor's lien promissory notes and original and substituting deed of trust to secure said· purchase-money notes, the said plaintiffs having acquired said vendor's lien notes, and along with the acquisition of same the superior title remaining in said land by virtue of said purchase-money notes, with reservation of the vendor's lien as aforesaid to secure the same; that plaintiffs have no other title to said land upon which to maintain this their action of trespass to try title ·for the recovery of same. This defendant further avers that on the 20th day of January, A. D. 1920, plaintiffs loaned to E. F. Booty the sum of ($4,500.00) forty-five hundred dollars, and as evidence of the same he received from the said E. F. Booty his promissory note for that amount for said sum of $4,500.00 due and payable on the 20th day of December, 1920; that to secure the payment of said promissory note the defendant ·executed his deed of trust, not only on said tract of land set forth and described in this suit, but also upon other tracts of land set forth and described in the cause pending in this court between the same parties and numbered on the docket of this court 1746, 1747,· 1748, 1749, 1750, 1751, 1752, and 1976; that in

222

the said deed of trust it is expressly stipulated that the lien created in said deed of trust constitutes second lien or mortgage upon all said property aforesaid, and was secondary and subordinate to the prior liens which plaintiffs held for the purchase money upon other said tracts of land.

"That on the 21st day of September, A. D. 1921, the said plaintiffs for a full and valuable consideration transferred, assigned, and delivered to this defendant the said $4,500.00 note and the lien of said deed of trust securing the same, and in said deed of assignment to this defendant it is expressly stipulated and provided that the lien securing said $4,500.00 note upon said tracts of land aforesaid was in all things secondary and subordinate to the liens of the plaintiffs which were prior thereto. That plaintiffs are now seeking in this suit in the form of action in trespass to try title to rescind the contract of sale by which the said Booty purchased said tract of land from the owner thereof, and to recover this tract of land in this action of trespass to try title upon the ground that the said Booty made default in the payment of said vendor's lien notes executed by him in payment of the purchase money of said tract of land and by this method and scheme the said plaintiffs are endeavoring to impair, if not to utterly destroy, this defendant's said lien upon said land, notwithstanding the same was secondary and subordinate to the said liens of said plaintiffs. This defendant further avers that plaintiffs by reason of their acts and conduct, and by the assignment of said $4,500.00 note and the deed of trust lien to secure the same, is estopped from rescinding the contract of purchase of said lands aforesaid by the said Booty and recovering said land in this action in trespass to try title.

"This defendant further says that by the acts and conduct of said plaintiffs, all of which will be introduced in evidence on the trial of this cause under this defendant's plea of not guilty, and by reason of this transfer of said second mortgage lien upon said land to secure said $4,500.00 note the said plaintiffs are not only estopped from rescinding the contract of purchase of said land by said Booty from the owner thereof, but the same so far as this defendant is concerned have always and still do constitute an election upon the part of plaintiffs to rely entirely and alone upon his remedy for foreclosure of his prior lien upon said property, which clearly estopped the said plaintiffs from maintaining this action of trespass to try title. This defendant states that it would be inequitable and unjust to permit plaintiffs to rescind said contract of purchase of said land and to recover said land in this action as against this defendant.

"This defendant suggests that under such circumstances plaintiffs should not be permitted to maintain this action of trespass to try title as against this defendant, but as to this defendant he have judgment rendered herein in his favor against plaintiffs, adjudicating and determining that said plaintiffs have no right to rescind said contract of purchase of said land by the said Booty, and recover said tract of land in this action, but that this court will hold that so far as defendant is concerned that plaintiffs' only remedy is the remedy of the foreclosure of the said liens in the proper court having jurisdiction thereof.

"This defendant avers that the said E. F. Booty departed this life on the 30th day of June, A. D. 1922, in the county of Jackson and state of Texas, and that he died intestate, and was at the time of his death a resident of the county of Jackson and state of Texas; that on the 18th day of October, A. D. 1922, the defendant Mrs. Gertrude Booty was by decree of the county court of Jackson county, Texas, appointed administratrix of the estate of E. F. Booty, deceased, and thereafter gave bond as such administratrix in the amount fixed by the court and as required by law, and which bond has been duly approved by the judge of said court, and on the 30th day of October, A. D. 1922, the said Gertrude Booty made and filed in said court her oath as such administratrix of the estate of E. F. Booty, deceased, and on the 30th day of October, A. D. 1922, letters of administration of the estate of E. F. Booty, deceased, were granted to her, and she thereby became, continued to be, and now is the duly qualified and acting administratrix of the estate of E. F. Booty, deceased. This defendant further avers that said administration upon the estate of E. F. Booty, deceased, is still pending and open, never having in any manner been finally closed.

"This defendant further avers that the probate court alone has jurisdiction of the classification and foreclosure of each and all of plaintiffs' prior liens upon said property, and that said plaintiffs should be denied in this cause the right to maintain this action of trespass to try title and rescind said Booty contract of purchase as against this defendant, but, as to the same the said plaintiffs should be required by the judgment and decree of this court to pursue their remedy of foreclosure, if they so desire, all their said prior liens in the probate court of Jackson county, Texas, in said administration proceedings.

"Wherefore this defendant prays that this court will enter a decree in this cause, and that by reason of the premises said plaintiffs are estopped from setting aside the contract of purchase of the land involved in this suit by the said E. F. Booty, and from recovering in this action the title to and possession of said tract of land to the detriment, impairment, and injury of this defendant's said second lien thereon, and that this court will further decree that so far as this defendant is concerned that the only rights which said

plaintiffs have in the premises is to foreclose their said prior liens in the proper court having jurisdiction thereof; that said plaintiffs take nothing by their action of trespass to try title, as against this defendant, and that as to the same that defendant go hence without day. This defendant further prays that this court will grant him herein all the relief of every character and sort to which he may be entitled, either at law or in equity, under the facts and circumstances of this case."

The defendants Boyce, Zambrano, and Nanes each answered, disclaiming any right, title, or interest in the land.

When defendant Brooks, on September 26, 1927, asked leave of the court to file his amended answer, plaintiffs announced to the court that they desired to dismiss their suit against this defendant. Thereupon counsel for defendant requested the court to delay action on plaintiffs' motion to dismiss until the following morning, which request was agreed to by plaintiffs and acquiesced in by the court. On September 27th the defendant filed the amended answer before set out, and plaintiffs then renewed their motion to dismiss their suit against him without prejudice to any of his rights, basing their motion on the ground that defendant's answer pleads no facts entitling him to affirmative relief, and prays for no such relief. This motion to dismiss was granted by the court at costs of plaintiffs. Thereafter, on September 29th, the defendant Brooks filed the following plea in intervention:

"Now comes R. E. Brooks and respectfully shows to the court that he has an interest in the subject-matter of this suit, and therefore prays the court that he may be permitted to intervene herein, in order that his rights, which are fully set out hereafter, may be protected.

"Intervener states and alleges that the only basis upon which plaintiffs are seeking to maintain an action of trepass to try title herein is the rescission of a certain deed of conveyance wherein W. J. Upshaw and wife and C. M. Mears and wife conveyed to E. F. Booty two hundred thirteen and one-tenth (213.1) acres of land described in plaintiffs' petition, by reason of the fact that the purchase-money note for the principal sum of five thousand ($5,000.00) dollars, and renewals thereof, had not been paid, such original note and the renewals thereof having been secured by a vendor's lien reserved in said deed in favor of the grantors in said conveyance, and by the retention by said grantors of the superior title to said land, securing the payment of the purchase money, and which purchase-money note was thereafter transferred to plaintiffs, as well as the vendor's lien and superior title securing the payment of said notes. Intervener shows to the court that on January 20, 1920, E. F. Booty and wife executed and delivered to L. W. O'Connor, trustee, a certain deed of trust covering, among other lands, the land described in plaintiffs' petition, for the purpose of securing the payment of one (1) note for four thousand five hundred ($4,500.00) dollars, payable to the order of William J. O'Connor, managing executor under the will of Thos. M. O'Connor, deceased, which note, together with the lien securing the payment of same, was thereafter transferred unto said R. E. Brooks, who is now the legal owner and holder thereof, together with renewals of said note and lien, and which said note and lien is now valid and subsisting claim and lien against the estate of E. F. Booty, deceased. That plaintiffs are attempting by said suit to defeat the rights of this intervener, and are rendering his said claims and lien inoperative and unenforceable in attempting to rescind the conveyance of said land whereby said land was sold and conveyed to E. F. Booty.

"This intervener says that plaintiffs are estopped by their acts and conduct in rescinding said sale, as will be fully shown by facts and evidence introduced under defendant's plea of not guilty, and the said R. E. Brooks alleges that in order to protect his interest it is necessary and proper that he should be permitted to become a party to this suit, in order that he may be able to assert and show that the plaintiffs herein have not the right to rescind the aforesaid conveyance, and in this connection said Brooks alleges that he is entitled to present and maintain all such defenses as the defendants in said suit have set up and alleged, and this intervener here now adopted and makes his own all of the pleadings of said defendants in this case.

"Wherefore said R. E. Brooks prays that he may be permitted to intervene herein and become a party to this suit for the reasons hereinabove set up, and which he will be able to assert and prove under said 'plea of not guilty' and he further prays for such other relief, general and special, that he may be able to show himself justly entitled to either in law or in equity."

Plaintiffs moved to strike out the plea in intervention, the grounds of the motion being in substance:

"That the plea was filed after the court had dismissed plaintiffs' suit as against defendant Brooks, without prejudice to any right of said Brooks; that said petition of intervention is insufficient in law, and shows no cause of action by the said Brooks entitling him to any relief in this action; that said petition of intervention is insufficient in that it alleges that plaintiffs are attempting to defeat rights of Brooks, whereas, in truth, the suit had been already dismissed as against Brooks without prejudice to him, and the suit could not affect his rights; that said petition of intervention in regard to plaintiffs attempting to defeat rights of Brooks alleges only legal conclusions, and fails to show by facts averred that the trial of the case, after dismissing against Brooks without prejudice, would have

any effect on the rights of Brooks, if any he has; that said petition of intervention alleges that Brooks would make proof of certain facts under a plea of not guilty, but fails to allege such facts, or any facts in an affirmative way, either to show that Brooks is entitled to any affirmative relief, or entitled to make himself a party defendant, or entitled to assist the other defendants; that, after Brooks had been dismissed, the plaintiffs seek no relief 'against him in this cause, and make no allegations with respect to his rights, if any, and the petition of intervention wholly fails to show that Brooks was entitled to intervene and assume the attitude of a defendant; that the subject-matter of the suit is the land and plaintiffs' rights against the other defendants, plaintiffs alleging that they have title to said land as against said other defendants, and are entitled to recover the title and possession thereof from them, and with the same the defendant Brooks by his petition of intervention fails to show that he is interested, and the allegations of his petition show that he is not interested in same; because it appears from the pleadings of said Brooks and by his failure and refusal to declare upon and set out all of his alleged rights in the form of a petition, or answer, seeking some sort of affirmative relief in his own behalf, that his attitude and purpose is to delay and obstruct the rights of plaintiffs in their suit of trespass to try title against the defendants other than Brooks, and that the intervention of Brooks at this time will delay and interfere with their rights to prosecute the suit against said other defendants, and Brooks does not show that he has any interest in regard to the rights plaintiffs have against said other defendants; that as a matter of law the recovery of the land by plaintiffs from said other defendants by virtue of the superior title cannot in any manner prejudice the rights of Brooks, and the allegations in the petition of intervention asserting such injury to Brooks are mere conclusions of the pleader, and are not sustained by the law."

The defendants Boyce, Zambrano, and Nanes having been dismissed, with their costs, on pleas of disclaimer, the cause as between plaintiffs and the other defendants proceeded to trial with a jury. After hearing the evidence, the court instructed the jury to return a verdict in favor of plaintiffs, and upon the return of such verdict rendered a judgment in favor of plaintiffs for the title and possession of the land.

The record discloses the following facts:

The land in controversy was conveyed to W. J. Upshaw and C. M. Mears on August 1, 1912, by C. E. Stark and wife for a consideration of $6,925.70. Of this amount, $925.70 was paid in cash, and for the remainder the grantees executed two notes, one for $1,000, due March 1, 1913, and one for $5,000, due August 1, 1917, each bearing interest at the rate of 6 per cent. per annum, and secured by a vendor's lien upon the land expressly reserved in the deed of conveyance.

On the 13th day of September, 1912, Upshaw and Mears conveyed the land to E. F. Booty for a consideration of $9,625.70. Of this amount Booty paid in cash $925.70 and assumed the payment of the notes before described in favor of C. E. Stark. The deed to Booty reaffirms the vendor's lien on the land reserved in the deed from Stark to Upshaw and Mears.

On September 10, 1917, C. E. Stark, for a consideration of $5,306.55 and interest thereon from August 1, 1917, paid in cash by plaintiff Wm. J. O'Connor, managing executor under the will of Thomas M. O'Connor, sold and transferred to Wm. J. O'Connor in his representative capacity the note for $5,000 before described, and also transferred and conveyed to O'Connor the title to the land in controversy held by him by virtue of the vendor's lien reserved in his deed to Upshaw and Mears.

On the 18th day of September, 1917, E. F. Booty, joined by his wife, Gertrude Booty, executed a mortgage to L. W. O'Connor, trustee, with power of sale, upon the land in controversy, for the purpose of securing a note for $5,500, executed by E. F. Booty on said date in favor of W. J. O'Connor, and payable on September 18, 1922, with interest at the rate of 7 per cent. per annum. This mortgage recites that the note secured thereby is further secured to the extent of $5,351.65 by a vendor's lien retained in the deed from C. E. Stark and wife to Upshaw and Mears, dated August 1, 1912, said amount being the principal and interest due upon the $5,000 mentioned and described in said deed. It is provided in said instrument that all taxes on the land are to be paid by Booty and wife, and the instrument recites that the purpose of the parties in the execution of the $5,500 note is to take up and extend the $5,000 indebtedness on the land, and that the vendor's lien reserved in the deed from Stark shall remain in full force and effect for the holder's securing of $5,351.65 of the $5,500, with interest thereon; the remainder of said $5,500 is declared to be a loan from O'Connor to Booty. It is further provided in said mortgage that failure to pay interest on the note as it accrues, or failure to pay taxes that become due upon the land, will at the option of the holder mature the note for $5,500. The note also contains this provision as to its maturity.

There had been no payment on the principal of the $5,500, and no interest had been paid thereon subsequent to September, 1921.

It was agreed, in substance, that plaintiffs are the owners of the $5,500 note before described, and also the superior title to the land conveyed to Wm. J. O'Connor by C. E. Stark, as before shown.

On January 20, 1920, E. F. Booty executed a note for $4,500 in favor of Wm. J. O'Connor, executor, payable December 20, 1920,

with interest at the rate of 8 per cent. per annum. This note recited that it is secured by a deed of trust of even date therewith upon several tracts of land described in the note, one of which is the tract in controversy.

On the 20th day of January, 1920, E. F. Booty and his wife, Gertrude Booty, executed a deed of trust creating a lien upon all the property mentioned and set forth in said $4,500 note, and described the tracts and the acreage, including the land in controversy in this suit. In this deed of trust it was recited that it was executed "for the better securing of Wm. J. O'Connor, managing executor under the will of Thos. M. O'Connor, deceased, of Refugio county, Texas, in the prompt payment of a promissory note in the principal sum of $4,500.00 of which the note following is a substantial copy." There is then set forth in the deed of trust the $4,500 note executed by E. F. Booty, and hereinabove set forth. Said deed of trust provided for the sale of the land in default of the payment of the principal or interest of the $4,500 note, and further stipulated and provided that Booty was to pay all taxes upon the land due and to accrue. It is further recited in said instrument that "the lien fixed and credited by this deed of trust is a second lien upon all of the hereinbefore conveyed property, there being at the time of the execution of this deed of trust an existing deed of trust on the several tracts of land securing the payee in the hereinabove described note in the payment of an indebtedness secured against the tracts hereinabove conveyed in trust."

On the 21st day of September, 1921, Wm. J. O'Connor, managing executor under the will of Thos. M. O'Connor, deceased, assigned to appellant Brooks the $4,500 note hereinabove set out, as well as the deed of trust securing the same; the assignment providing that it was without recourse on O'Connor or the estate of O'Connor. It was recited in said assignment that "the said deed of trust hereinabove referred to and herein assigned creates a blanket lien upon the same eight parcels of land in Jackson county, Texas, and one parcel of land in Victoria county, Texas, and in making this transfer and assignment of the lien created by the deed of trust aforesaid, the lien of said deed of trust is here declared to be secondary to and inferior to the liens described and defined and fixed by nine deeds of trust executed to L. W. O'Connor, trustee, to secure Wm. J. O'Connor, managing executor under the will of Thos. M. O'Connor; deceased, in the payment of nine several notes; "and in making this transfer and assignment grantor distinctly limits the lien of said deed of trust here assigned so that said lien is a lien secondary to the lien of said nine deeds of trust on said nine several parcels of land to the extent of the principal of said nine notes and the interest to accrue on said nine notes from the 1920 maturities of said interest on the principal of said notes,

and any and all future interest to accrue on said nine notes; and all interest on past-due interest on said nine notes, and reserves the right to extend the time of payment of any interest that is now due, or may become due on said nine notes, or any of them, and to enter into agreement with the said E. F. Booty and his wife, or E. F. Booty alone, to receive from the said E. F. Booty interest at the rate of 8 per cent. per annum on all past-due interest that may accrue on said nine notes, or any of them, and to grant such extension, and to charge interest at the rate of 8 per cent. per annum on all past-due interest, due and to become due on said nine notes, or any of them, without consulting the said R. E. Brooks; and any extension of the indebtedness represented by the note here now assigned shall contain a provision recognizing the right of grantor herein to extend the payment of interest and to charge interest at the rate of 8 per cent. per annum on all past-due interest on said nine notes, or any of them." At the time of executing this assignment, the interest on all of said nine notes had been paid to the 1920 interest maturity date thereon, and interest on interest on sums accruing as interest to 1920 interest maturity dates, leaving due upon the notes held by grantor herein the principal of said nine notes and interest, and interest upon interest accruing from 1920 interest maturity dates on said nine notes.

The payment of all interest due to September, 1920, as above stated, was made by crediting thereon a portion of the $4,500 note.

Other evidence was introduced, which was sufficient to raise the issue of estoppel against the plaintiffs' right to defeat defendant Brooks' second lien on the land, by recovering the title and possession against the other defendants.

It was agreed that E. F. Booty died intestate on June 30, 1922, in Jackson county, and that the county court of that county has jurisdiction over his estate. At the time of his death he was possessed of the lands involved in this suit, which were community of himself and wife, defendant Gertrude Booty. Mrs. Booty is the duly qualified administratrix of the estate and guardian of the minor heirs who are defendants herein. This administration has been pending in the county court of Jackson county since October 30, 1922. The estate is insolvent.

Mrs. Booty, as administratrix, and individually, and as guardian of the minor heirs of E. F. Booty, and R. E. Brooks and the heirs of E. F. Booty, prosecute this appeal.

The joint brief of the appellants, other than R. E. Brooks, contains only a general statement of the nature and result of the suit, and the assignments and propositions upon which their appeal is predicated. After setting out the propositions the brief concludes as follows:

"As each and all of the propositions pre-

sented in this brief have been presented at length in the brief of appellant Brooks, we trust the court, in the interest of economy of labor and time, will permit these appellants, in support of their appeal, to adopt the statement of the nature and result of the case, the propositions, authorities, and argument set forth in the brief of appellant Brooks filed herein. There may be no precedent for this, but, as the facts controlling this case are the same, both in the appeal of appellant Brooks and these appellants, and the law being the same, we are unable to see, as the decision of this court in regard thereto as to appellant Brooks will necessarily determine this appeal as to these appellants, why this procedure may not be permitted by this court."

We have accepted and followed the suggestion of these appellants, and this opinion will discuss and determine the questions presented in the brief of appellant Brooks.

█ Under appropriate assignments and propositions, appellant Brooks first complains of the ruling of the trial court in dismissing him from the suit, on the ground that he was a necessary party to the suit, and also that his pleadings sought affirmative relief against appellees. There is, we think, no merit in this complaint. The only necessary party defendant in an action of trespass to try title is the person in possession, if the premises are occupied, or the person claiming title thereto, if the premises are unoccupied. R. S. art. 7370. It is a well-settled rule of decision that, in a suit to recover the title and possession of land against one in possession or claiming title thereto, the plaintiff is not required to make a mortgagee not in possession a party defendant. Galveston, H. & S. A. R. Co. v. State (Tex. Civ. App.) 36 S. W. 116; Heirs of Tevis v. Armstrong, 71 Tex. 59, 9 S. W. 134; Houston & T. C. Ry. Co. v. State, 89 Tex. 294, 34 S. W. 734. The rights of a mortgagee out of possession are in no way prejudiced or affected by a judgment for the land against his mortgagor and it is therefore not required that he be made a party to a suit for recovery of the land. Ufford v. Wells, 52 Tex. 612.

█ Plaintiffs in this case having made Brooks a party defendant, he could in this suit have had any right or equity he had in the land determined and enforced against plaintiffs, and if he had asked for affirmative relief in his pleadings he should not have been dismissed from the suit. Neither the answer or the petition in intervention filed by appellant Brooks contains any prayer for affirmative relief. Every fact alleged in these pleadings, which we have above set out, is interposed as a defense to plaintiffs' suit, and not as a basis for affirmative relief. Short v. Hepburn, 89 Tex. 625, 35 S. W. 1056.

█ If he had remained in the suit, the only judgment he could have obtained upon his pleading was that plaintiffs take nothing by their suit against him, and this was the effect of the judgment of dismissal of which he now complains. The following clear statement of what is necessary to entitle a mortgagee out of possession to intervene in a suit involving the title and possession of the mortgaged property is made by Justice Hodges, for the Court of Civil Appeals for the Sixth District, in the case of Watkins v. Citizens' Nat. Bank of Rockwall, 53 Tex. Civ. App. 440, 115 S. W. 306:

"His right to intervene must depend upon the facts which he alleges in his pleadings, and by those must the sufficiency of his petition be tested, not by the simple fact that he is a junior mortgagee, and as such might be generally entitled to make himself a party for the purpose of protecting some right not here mentioned. His statement that he has an interest in the subject-matter of the litigation will be treated as a mere legal conclusion of the pleader, and not the averment of a fact. If Snead is interested merely in the thing in litigation—that is, the mortgaged property—and not in the particular rights, wrongs, or remedies involved, then he has no right to make himself a party, or, if it does not appear that he will or may be affected prejudicially, he has no right to make himself a party. Stansell v. Fleming, 81 Tex. 297, 16 S. W. 1033; Towne, Pleading, 293."

██ The fourth proposition presented in the brief contains the following objections to the judgment:

"(4) The pleadings of appellant, as well as appellees, together with the undisputed evidence in the case, show that, prior to the time of the institution of this suit, E. F. Booty had departed this life intestate, and that he resided at the time of his death in Jackson county, Texas; that, prior to the institution of this suit, administration upon the estate of said Booty had been taken out in the probate court of said county, and that the same was still pending, never having been closed; that appellant Mrs. Gertrude Booty had been by said court appointed the administratrix of said estate, and that she had duly qualified and was acting as such. These facts were specially pleaded, both in his first amended original answer and in his plea of intervention by appellant Brooks, and that said probate court alone had jurisdiction to pass upon, adjudicate, and determine the priority of liens upon the land in controversy as between appellees and appellant Brooks, with appropriate prayer in the pleading of said appellant that the court, in addition to the other relief prayed for, would decree and adjudge that the only right which appellees had was the right to foreclose their lien in the probate court of Jackson county, where the administration upon the estate of E. F. Booty, deceased, was still open and pending. The court, therefore, erred in dismissing defendant from this suit, and in dismissing his plea of intervention."

If this proposition is intended to assert

that the death of Booty and the taking out of administration upon his estate in the county court of Jackson county ipso facto destroyed plaintiffs' right to cancel the sale and recover the land from the administratrix and heirs of Booty, such contention cannot be sustained by the authorities, and none are cited in its support. In so far as the proposition presents the contention that only the county court of Jackson county has jurisdiction to fix and determine the rights of appellant Brooks to foreclose his lien upon the land against the plaintiffs, it is equally untenable and lacking in authorities for its support.

The power and jurisdiction of the district court to fully protect appellant Brooks in all of his rights in the land cannot be doubted. Booty v. O'Connor (Tex. Civ. App.) 287 S. W. 282.

No claim of error presented in the briefs of appellants requires or would authorize a reversal of the judgment. It follows that an affirmance has been ordered.

Affirmed.