THOMAS J. HAYS v. GEORGE YARBOROUGH AND ANOTHER.

Where the full names of the plaintiffs were set out in the petition and judgment was rendered in favor of the plaintiffs, A. & B., omitting their given names, held a valid judgment.

Appeal from Smith. Tried below before Hon. John Gregg. Suit on a note payable to Yarborough & Ferguson, who are described in the petition as George Yarborough and Alfred W. Ferguson, late merchants trading under the firm, name and

style of Yarborough & Ferguson. Judgment rendered as stated in the Opinion, which appellant assigns as error.

*Tignal W. Jones*, for appellant.

*Smith & Earle*, for appellee.

ROBERTS, J. The petition states the names of the plaintiffs in full, and the judgment reads: "This day came the party plaintiffs, by their attorneys," &c.; and further on, "considered by the Court that plaintiffs Yarborough & Ferguson do have and recover," &c., meaning the same Yarborough & Ferguson, without repeating their given names, who had been mentioned as plaintiffs in the petition.

It would be better in rendering a judgment to avoid all such abbreviations; still it is not perceived that we can determine that it is error in this case. It is believed to be a very common practice so to render judgments in our Courts. It is admitted on the authority of Collins & Co. v. Hyslop & Son, (11 Ala. R. 508,) that had the word "plaintiffs" been used without being in connection with "Yarborough & Ferguson," that it would have been good, as it would then certainly refer to the plaintiffs, whose full names are set out in the petition. We cannot see that by mentioning a part of each one of the plaintiffs' names, as "Yarborough & Ferguson," that it any less certainly refers to the plaintiffs named in the petition. Judgment affirmed with damages ten per cent.

Affirmed with damages.