**SMITH v. SWITZER et al. (No. 7318.)** ·

(Court of Civil Appeals of Texas. San Antonio. March 11, 1925.)

**1. Judgment ⬅⇒244—Failure of judgment to name defendants held mere irregularity curable by proof.**

Where body of judgment failed to name defendants, such judgment was not void, but mere irregularity which should have been construed in light of record, including execution, certificates of officers and abstract of judgment.

**2. Judgment ⬅⇒244—Recitation of judgment held to show that both defendants duly cited.**

Where judgment recited that the "defendant" was duly cited, but afterwards plural was used, recitation was sufficient to show that both defendants were duly cited.

Appeal from District Court, Maverick County; Joseph Jones, Judge.

Action by W. E. Smith against George Switzer and another. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

D. E. Hume, of Eagle Pass, and J. D. Dodson and U. S. Algee, both of San Antonio, for appellant.

Ben V. King, of Eagle Pass, for appellees.

FLY, C. J. This is a suit by appellant against appellees to foreclose a judgment lien upon certain property in the city of Eagle Pass, such lien being based on a certain judgment in favor of appellant and against George Switzer and Kate Switzer, his wife, of which judgment an abstract was duly recorded in Maverick county.

The judgment, an abstract of which was filed and recorded in Maverick county, failed to name the defendants, but merely identified them as "defendants." The style of the case at the head of the judgment was "In the County Court for Civil Cases, Bexar County, Texas, A. D. 1916. No. 5830. W. E. Smith v. George Switzer et al." The abstract of judgment gave the names of the defendants as George Switzer and Kate Switzer. The certificate of the clerk to the abstract was as follows:

"I, Frank R. Newton, clerk of the county court of Bexar county for civil cases, do hereby certify that in the county court of Bexar county for civil cases, in a certain suit pending in said court, wherein W. E. Smith is plaintiff and George Switzer and Kate Switzer are defendants, No. 5830, the said plaintiff W. E. Smith recovered judgment against said defendant George Switzer and Kate Switzer, on the 17th day of February, 1915, for the sum of three hundred twelve and 01/100 dollars with interest on said amount from the 17th day of February, 1915, at the rate of 6 per cent. per annum and $15.95 costs of said court."

That certificate was admitted in evidence and properly so. The abstract was duly recorded. A writ of execution under the judgment was also admitted in evidence in which the parties were named. Also a certificate of Jack R. Burke, county clerk of Bexar county, to the execution was admitted, in which he certified that in cause 5830 the parties were W. Smith, plaintiff, and George Switzer and Kate Switzer defendants.

[1] The judgment was excluded from the evidence on the objections of appellees that it did not name Kate Switzer; that it showed on its face it was not a final judgment; that it did not show that all the defendants were duly cited; and that the judgment did not mention George Switzer or Kate Switzer. The judgment was final in its recitals, and it

, stated sufficiently that the defendants were duly cited. The judgment was irregular in not stating the names of the defendants, but it was an irregularity that could be removed by proof. The judgment should have been construed in the light of the record, and it would not matter whether it be the pleadings, the execution, the certificates of the officers of the court, or the abstract of judgment. The presumption would prevail that an execution issued out of a court as against certain parties were those bound by the judgment. It could not be assumed that the county clerk would prepare an abstract of judgment in which the names of the defendants not named in the judgment were inserted, if the names given were not those of the defendants in the suit although not named in the judgment.

No judgment has ever been held void because it did not name the defendants in the body of the judgment, and, on the other hand, there are a number of instances in which it has been held that all the defendants who could be identified by the judgment roll would be bound by the judgment. Freeman on Judgments, § 155, and cases cited in footnotes; Hays v. Yarborough, 21 Tex. 487; Smith v. Chenault, 48 Tex. 455.

In the case last cited neither the names of the plaintiffs, nor the defendants were recited, but it was a recovery by the plaintiffs of the defendants. The court held:

"The judgment in question is believed to be in conformity with general usage in many of our courts in similar cases. The alleged defect is believed at most to be a mere irregularity; and although more attention should be given to such entries and greater particularity and exactness should be observed in making them than is found in the present instance, the alleged defect is certainly not of a character to avoid the judgment, or to afford ground of complaint in a collateral proceeding."

[2] The judgment recited that the "defendant" was duly cited but afterwards in the judgment the plural is used. The recitation was sufficient to show that the defendants were duly cited. Turner v. City of Houston (Tex. Civ. App.) 43 S. W. 69. The judgment should have been admitted in evidence.

The judgment is reversed, and the cause remanded.