**BENDY et al. v. W. T. CARTER & BRO. et al.**
**(No. 1648.)**

Court of Civil Appeals of Texas. Beaumont.
April 11, 1928.

Rehearing Denied April 18, 1928.

1. **Appeal and error ⊚⇒501(3)—In absence of exceptions in record, objections to admissibility of sheriff's deed cannot be considered.**

In trespass to try title, in absence of exceptions in record, propositions based on objections to admissibility of sheriff's deed cannot be considered, especially where only points that could be urged were decided against present appellants on former appeal.

2. **Execution ⊚⇒265—Sheriff's deed on execution, based on judgment in suit against individuals, members of partnership, held to transfer title of individual partner.**

Where petition showed suit was instituted against two parties, members of partnership, individually, although they were named in judgment as partners, sheriff's deed pursuant thereto on execution operated to transfer interest of individual partner as against objection that such judgment was against partnership and not against partner individually.

3. **Judgment ⊚⇒244—Name of party against whom judgment is rendered need not be stated therein, if it can be determined with sufficient certainty to issue execution from entire judgment roll.**

Name of party against whom judgment is rendered need not be stated in judgment, if by referring to entire judgment roll, including pleadings, process, and all proceedings, name of such person can be determined with sufficient certainty to enable clerk to know against whose property to issue execution.

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Judgment ⟲470—On collateral attack, all presumptions are in favor of judgment's regularity.**

All presumptions are in favor of regularity of judgment against collateral attack.

**5. Judgment ⟲495(2)—On collateral attack on judgment, although record is silent as to notice, presumption, not contradicted by record, that court had jurisdiction of person, is conclusive.**

On collateral attack against judgment, although record is silent as to notice, presumption, when not contradicted by record itself, that court had jurisdiction of person also, is so conclusive that evidence aliunde will not be admitted to contradict it.

**6. Judgment ⟲495(2)—Where defendant, nonresident of suit, returned to state over year before entry of final judgment, collaterally attacked, law presumes he was served with notice.**

On collateral attack against judgment on which sheriff's deed was based, on showing that party against whom judgment was pronounced was nonresident of state at institution of suit but that he returned more than year before entry of final judgment, law presumes that he was served with notice.

**7. Execution ⟲265—Sheriff's deed on execution, based on judgment against "parties" individually, held to transfer parties' interest.**

Where judgment recited that "this day came the parties by their attorneys," in which expression "parties" could only mean those named in original petition, in which they were sued individually, judgment not being subject to collateral attack and running against parties individually, and execution and venditioni exponas being regular, sheriff's deed based thereon on sale under execution divested party against whom judgment was rendered of all interest in property in question.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Party (In Practice).]

Appeal from District Court, Tyler County; Thos. B. Coe, Judge.

Trespass to try title by H. W. Bendy and others against W. T. Carter & Bro. and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

See, also, 251 S. W. 265, 269 S. W. 1037.

Howth, Adams & Hart and Holland & Cousins, all of Beaumont, for appellants.

Baker, Botts, Parker & Garwood, of Houston, and Wheat & Thomas, of Woodville, for appellees.

WALKER, J. This was a suit in trespass to try title by appellants against appellees, and on a trial to the court without a jury resulted in judgment for appellees for the land. The suit was originally instituted by H. W. Bendy, as plaintiff, but before trial he made himself a party plaintiff as administrator of the estate of his deceased father, H. W. Ben-

dy. On the former trial, judgment was against him individually but in his favor as administrator. The defendants in that trial duly perfected their appeal, which, on submission in this court (Carter v. Bendy, 251 S. W. 265) and in the Supreme Court (Bendy v. Carter, 269 S. W. 1037), was sustained and the case reversed. H. W. Bendy did not appeal from the judgment against him individually. On the day before this trial, H. W. Bendy sold to appellees all his interest in the land. The administration of the estate of H. W. Bendy, deceased, having been closed, his heirs, other than H. W. Bendy, made themselves parties plaintiff and prosecuted the suit to judgment. H. W. Bendy, deceased, was the common source of title. Appellants offered in evidence a regular chain of transfers from the original grantee into their ancestor.

[1] Appellees relied upon a sheriff's deed, selling and conveying the interest of H. W. Bendy, deceased, in said land to W. B. Cline, and a regular chain of title from and under W. B. Cline into themselves. On the first trial, this deed was offered by appellees but excluded by the court, and it was for this reason that we reversed the case and remanded it for a new trial. Under our mandate, the trial court admitted this deed in evidence on this trial, and the same was received without objection of any kind by appellants. While renewing their objections to the admissibility of this deed, their propositions on this point cannot be considered, since there are no exceptions in the record, and the only points that could be urged were decided against them on the former appeal. However, they now say that the deed, though in evidence, is absolutely void for all purposes, and therefore did not divest title out of H. W. Bendy, deceased, nor invest W. B. Cline with any interest in the land in controversy. This deed, with a full statement of all the facts of the case, is set out in our opinion on the former appeal, which statement we here adopt. The judgment supporting the sheriff's deed is as follows:

"No. 1043.

"O. T. 70 13 day.

"N. W. Burtis v. Hyde & Bendy.

"This day came the parties by their attorneys and the defendant withdraws the answer by him heretofore filed and says nothing in bar of the plffs action: Wherefore the said N. W. Burtiss aught to recover against the said Hyde & Bendy his damages by action of the premises. And it appearing to the court that the cause of action is liquidated and proved by an instrument of writing it is ordered that the clerk do assess the damages sustained by said plaintiff: and the said clerk now here having assessed the damages aforesaid at the sum of fourteen hundred and twelve dollars and ten cents it is therefore considered by the court that the said plaintiff do have and recover of the defendants the sum

⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of fourteen hundred and twelve dollars and ten cents with interest thereon at the rate of eight per cent., per annum together with his costs in this behalf expended and that he have his execution. It is further ordered that execution issue in favor of the officers of court against defts. for the costs by him in this behalf incurred for which let execution issue."

This judgment was rendered upon the following petition:

"The State of Texas, County of Tyler:

"In the Dist. Court, Fall Term, A. D. 1868.

"To the Hon. H. C. Pedigo, Judge of the 15th Judicial Dist., Holding Court in and for Tyler Co.

"The petition of N. W. Burtiss & Co., a mercantile firm residing, located and doing business in the city, county and state of ———, respectfully shows that W. Thos. Hyde and H. W. Bendy, resident citizens of Tyler Co., Texas, are justly indebted to plff. in the sum of twelve hundred dollars, for this that said defts. Hyde & Bendy made executed and delivered to plff. their certain promissory note in writing, in words and figures as follows:

"$399.34/100. Woodville, Apr. 1st. 1861.

"One day after date we promise to pay N. W. Burtiss & Co., or order, seven hundred and ninety-nine 34/100 dolls for value received, with eight per cent. interest.
"W. Thos Hyde & Co.

"Petitioners allege that said note has been long due and that they have often demanded payment thereof, but that defts. have hitherto and still refuse to pay the same, wherefore they bring this suit and ask that defts. be cited to appear at next term of the court to answer this petition and for judgment for the principal and interest of this note and for all costs expended and for general relief and in duty bound, etc.
"Cline, Atty. for Plff."

Indorsed:

"1043. N. W. Burtiss v. W. T. Hyde and H. W. Bendy. Petition filed May 30, 1868.
"H. West, C. D. C. T. C.,
"By Hyde, Deputy."

The sheriff's deed recites the due issuance of an execution by the district court, under the judgment copied, supra, running against W. T. Hyde and H. W. Bendy, the due levy of same upon the land in controversy here, "which execution was returned 'not sold for want of sufficient time to advertise,' June 26, 1871," the due issuance of a writ of venditioni exponas on the 29th day of July, 1871, commanding the sheriff to sell according to law the lands levied on under the execution "which had been previously levied upon and advertised for sale as required by law," the regular sale of the land on the first Tuesday of August, 1871, and a conveyance to the purchaser, W. B. Cline. (See deed in full in opinion on former appeal.) Appellants would sustain their construction of the deed as being void by two propositions:

(a) The judgment supporting the execution was against the partnership of Hyde & Bendy, and not against H. W. Bendy personally.

(b) The record shows affirmatively that H. W. Bendy was not personally served, and did not make a personal appearance on the trial of this case.

[2] These propositions are not sound. It appears from the face of the petition, supra, that the suit was instituted by N. W. Burtiss & Co. against W. Thos. Hyde and H. W. Bendy, individually, and not as a partnership on the partnership obligation of W. Thos. Hyde & Co. There is nothing on the face of the petition to suggest that the plaintiffs were suing the partnership. No such partnership as Hyde & Bendy was named in the petition. Naming the defendants in the judgment as "Hyde & Bendy" could have no significance, except as a reference to the defendants named in the petition. This is made clear beyond question by the further reference in the judgment to "the defendants."

[3] It is not necessary that the name of a party against whom the judgment is rendered be stated in the judgment, if by referring to the entire judgment roll, including the pleadings, process, and all proceedings, the name of such person can be determined with sufficient certainty to enable the clerk to know against whose property to issue the execution. Hodges v. Robbins, 23 Tex. Civ. App. 57, 56 S. W. 568. So if there is any uncertainty in the old judgment as to the identity of the parties defendant, that uncertainty is removed by looking to the original petition, where the defendants are named as W. Thos. Hyde and H. W. Bendy in their individual capacity. The judgment fully supported the execution against the individual property of H. W. Bendy, deceased.

[4-7] Appellants can prevail in this collateral attack on the old judgment only by showing on the face of the record that H. W. Bendy was not served with citation or did not make his personal appearance. All presumptions are in favor of the regularity of the judgment against the collateral attack. Though the record be silent as to notice, the "presumption, when not contradicted by the record itself, that the court had jurisdiction of the person also, is so conclusive that evidence aliunde will not be admitted to contradict it." Fitch v. Boyer, 51 Tex. 336. There was no showing that H. W. Bendy was not served. Appellant would show that he was a nonresident of the state at the time the suit was instituted, but that he returned to the state more than a year before the entry of the final judgment. On this showing, the law "upon principles of public policy" (Fitch v. Boyer, supra) presumes that he was served. But it is not necessary to resort to that presumption. The judgment recited, "This day came the parties by their attorneys." The "parties" could only mean the parties named in the original petition, and W. H. Bendy in his individual capacity was one of the parties so named. The judgment not being subject to collateral attack, and running against H. W. Bendy individually, and the execution and

venditioni exponas being regular, the deed offered by appellees and received by the court and being now in evidence before us divested H. W. Bendy, deceased, of all right, title, or interest in and to the property in controversy, and transferred and conveyed his title to W. B. Cline, which title appellees now hold.

We have indulged in this extended discussion of appellants' propositions because of the able manner in which the same are presented to us, both by oral argument and written brief, but as we construe the opinions on the former appeal, the propositions now advanced and herein denied were decided against them. One of the propositions urged on the former appeal was that the sheriff's deed was inadmissible because it did not appear that it was supported "by any writ of execution that could lawfully have been issued, under the judgment referred to, against the individual property of H. W. Bendy." That proposition involved all that appellants now say and all that we have said in answering and denying their appeal.

Judgment of the trial court is affirmed.