BENDY et al. v. W. T. CARTER & BRO. et al.
(No. 1201—5208.)

Commission of Appeals of Texas, Section A.
March 20, 1929.

Holland & Cousins and Howth, Adams & Hart, all of Beaumont, for plaintiffs in error.

J. E. Wheat, of Woodville, and Baker, Botts, Parker & Garwood, C. L. Carter, and S. H. German, all of Houston, for defendants in error.

CRITZ, J. This is a suit in trespass to try title brought by plaintiffs in error, who will hereinafter be designated plaintiffs, against defendants in error, who will hereinafter be designated defendants, to recover a tract of land in Tyler county, Tex. The trial in the district court without a jury resulted in a judgment for the defendants. This judgment on appeal was affirmed by the Court of Civil Appeals [5 S.W.(2d) 579], and the case is before the Supreme Court on writ of error granted on application of the plaintiffs.

The plaintiffs are the heirs at law of H. W. Bendy, Sr., deceased, and claim the property by inheritance from H. W. Bendy.

The defendants in error claim title under an execution sale of the property, as the property of H. W. Bendy. The judgment forming the basis for the execution was obtained in the district court of Tyler county, Tex., on November 7, 1870, and is as follows:

"N. W. Burtis v. Hyde & Bendy. No. 1043.

"O. T. 70 13 Day.

"This day came the parties by their attorneys and the defendant withdraws the answer by him heretofore filed and says nothing in bar of the plffs action: wherefore the said N. W. Burtis aught to recover against the said Hyde & Bendy his damages by action of the premises, and it appearing to the Court that the cause of action is liquidated and proved by an instrument of writing it is ordered that the Clerk do assess the damages sustained by said plaintiff: and the said clerk now here having assessed the damages aforesaid at the sum of Fourteen Hundred & Twelve Dollars and Ten cents it is therefore considered by the court that the said plaintiff do have and recover of the defend-
ants the sum of Fourteen Hundred and Twelve Dollars and ten cents with interest thereon at the rate of eight per cent per annum together with his costs in this behalf expended and that he have his Execution. It is further ordered that execution issue in favor of the officers of Court against defts for the costs by him in this behalf incurred for which let Execution issue."

The above judgment was rendered on a petition filed in said court, on May 30, 1868, which reads as follows:

"The State of Texas, County of Tyler.

"In the Dist. Court, Fall Term A. D. 1868.

"To the Hon. H. C. Pedigo, Judge of the 15th Judicial Dist. holding Court in & for Tyler Co.

"The petition of N. W. Burtiss & Co. a mercantile firm residing, located & doing business in the City, County & State of ——,

"Respectfully shows that W. Thos. Hyde & H. W. Bendy resident citizens of Tyler Co. Texas, are justly indebted to plff in the sum of Twelve Hundred Dollars, for this that said Defts Hyde & Bendy made executed and delivered to Plff their certain promissory note in writing, in words & figures as follows:

" '$399.34/100, Woodville, Apr. 1st., 1861.

" 'One day after date we promise to pay N. W. Burtiss & Co. or order, Seven Hundred &. Ninety Nine 34/100 Dolls for value received, with eight per cent. interest.

" 'W. Thos. Hyde & Co.'

"Petitioners allege that said note has been long due & that they have often demanded payment thereof, but that Defts, have hitherto & still refuse to pay the same, wherefore they bring this suit and ask that Defts. be cited to appear at next term of the Court to answer this petition & for judgment for the principal & interest of this note & for all costs expended and for general relief & and in duty bound, etc.

"Cline, Atty. for Plff."

Indorsed: "1043, N. W. Burtiss v. W. T. Hyde & H. W. Bendy. Petition filed May 30, 1868.

"H. West C. D. C. T. C.,
"By Hyde, Deputy."

■■ By his first assignment of error the plaintiff contends that the judgment is one against a copartnership firm alone, and will not support an execution, levy, and sale upon the property of one of the individuals composing such partnership.

We are of the opinion that the judgment itself will not support the above contention. The judgment is entitled:

"N. W. Burtiss v. Hyde & Bendy."

It recites: "Wherefore, the said N. W. Burtiss ought to recover against the said Hyde & Bendy his damages," etc.

It further, in the decreeing portion thereof,

recites: "It is therefore considered by the court that the said plaintiff do have and recover of the defendants," etc.

It further recites: "It is further ordered that execution issue in favor of the officers of the court against defts," etc.

It will be noted that the judgment nowhere describes Hyde & Bendy as a partnership, and they are, at all times, referred to as the defendants; that is, the plural is used. The only thing left uncertain by the judgment itself is the identity of the defendants Hyde and Bendy.

It is a well-settled rule of law, approved by the text-writers and the Supreme Court of this state, that, if there is any uncertainty in the judgment as to the party against whom, or for whom, it is rendered, it is proper to look to the entire judgment roll, including the pleadings, to ascertain against whom, or for whom the judgment is rendered. 1 Freeman on Judgments (5th Ed.) § 80; Smith v. Chenault, 48 Tex. 455; Little v. Birdwell, 27 Tex. 689; Hays v. Yarbrough, 21 Tex. 487. It follows from this rule and the authorities cited that it is proper to look to the judgment role, and especially to the petition in the original suit, to ascertain who, and what Hyde & Bendy were, and in what capacity they were sued. When this is done, it is conclusively shown that "Hyde & Bendy," and "the defendants" referred to in the judgment are W. Thomas Hyde and H. W. Bendy, individually.

When we examine the petition, we find that it is indorsed: "N. W. Burtiss vs. W. T. Hyde & H. W. Bendy." It recites that: "W. Thos. Hyde and H. W. Bendy * * * are justly indebted to the plff. * * * for this: that said defts., Hyde & Bendy, made * * * their certain promissory note in writing in words and figures as follows:"

Here is set out the note executed by "W. Thos. Hyde & Co."

The then petition alleges: "But the defts have hitherto & still refuse to pay the same," etc.

It is thus made certain from the allegations of the petition that the suit was brought by N. W. Burtiss against W. Thos. Hyde & H. W. Bendy on a note alleged to have been executed by "N. Thos. Hyde & Co." The judgment is against the parties sued, and, when the judgment is viewed in the light of the petition to ascertain the parties plaintiff and defendant, it is clear that "Hyde & Bendy" and "the defendants" referred to in the judgment are the same parties referred to in the petition. The parties referred to in the petition are undoubtedly W. Thos. Hyde and H. W. Bendy, individually.

We will say in this connection, however, that a further examination of the judgment roll, in the light of the facts in the record, renders the above conclusion absolutely certain, as every step in the proceedings, and every paper filed therein, and issued by virtue thereof, shows the proceedings to have been by N. W. Burtiss against W. Thos. Hyde and H. W. Bendy.

In this connection we further call attention to the undisputed fact that, though H. W. Bendy was a citizen of Texas from about a year prior to the rendition of the judgment and until his death about twelve years after the rendition of the judgment, it is shown that he never made any claim to this land after the execution and sale.

Plaintiff's second assignment of error is as follows:

"The Court of Civil Appeals erroneously held in this case, as a legal proposition, that a judgment in personam against a non-resident of the state is valid, though not reciting service, the presumption of service being conclusive unless overturned by the record, and that evidence aliunde the record is not to be admitted or considered as showing the want of jurisdiction over the person by the court rendering such judgment."

There are no facts in the record to raise this issue. An examination of the record shows that H. W. Bendy was a resident of this state from 1869, a year before the judgment was rendered, and continued as such resident until his death about twelve years after the rendition of the judgment.

We will say in this connection that, in pointing out the fact that Bendy was a citizen of Texas at the time the judgment was rendered and for some time before and thereafter, we do not intend to intimate that in a collateral attack on the judgment it would be permissible to go outside the record in the original case to hear evidence on such an issue. What we hold is that it is not necessary to pass on that question, as the record conclusively shows that Bendy was a citizen of this state at the times above indicated.

We will further say that, since the record itself certainly does not contradict the fact that H. W. Bendy was served in the original suit, it is proper to conclusively presume in favor of the judgment, which is here collaterally attacked, that Bendy was served with citation. Fitch and Henderson v. Boyer, 51 Tex. 336.

Furthermore, in support of the fact that the judgment was against W. Thos. Hyde and H. W. Bendy, individually, the facts show that these two parties were engaged in the mercantile business at the time the note was signed, and did business under the firm name of W. Thos. Hyde & Co. The plaintiff had the right to sue the individual members of the firm on the obligation created by the note. Fowler Commission Co. v. Land & Co., 248 S. W. 314; (Com. App. opinion approved) Burton v. Roff (Tex. Com. App.) 292 S. W. 159. The note sued on was a joint contract as to both the partners and also several as to each of them.

What we have said disposes of this case, and we recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.