## WOOD et al. v. GULF PRODUCTION CO. et al.

### No. 4997.

Court of Civil Appeals of Texas. Texarkana.

Dec. 3, 1936.

Woolworth & Turner, of Carthage, Smith & West, Brachfield & Wolfe, and Charles L. Williams, all of Henderson, William N. Bonner, of Houston, J. B. McEntire, of Tyler, Stone & Wells, of Henderson, W. D. Caldwell, John Broughton, Joe S. Brown, Jno. E. Green, Jr., R. E. Seagler, Robt. F. Higgins, and Phillips, Trammell, Chizum, Estes & Edwards, all of Houston, H. C. Walker, Jr., of Shreveport, La., H. H. Jennings, of Houston, and C. F. Richards, of Lockhart, for appellees.

Daniel F. Foley, of Minneapolis, Minn., amicus curiæ.

## JOHNSON, Chief Justice.

This suit was filed by appellants in an action of trespass to try title to block 5, containing 369 acres of land, a subdivision of the Francisco Cardova League Grant in Rusk county, and for an accounting for oil alleged to have been produced and run from the land by defendants, appellees. The several defendants answered by general demurrers, general denials, pleas of not guilty, the several statutes of limitation, pleas of innocent purchasers for value, and cross-actions for title and possession and to quiet appellees' title to the land, and for improvements made in good faith.

Plaintiffs filed a supplemental petition in reply to defendants' answers, pleas, and cross-actions. In bar of the running in favor of defendants of any of the statutes of limitation, plaintiffs in their supplemental petition alleged that there is still pending and undetermined on the docket of the district court of Rusk county, cause No. 1560, styled Wm. Wood v. Nancy Wood et al., wherein Wm. Wood sued to recover against the widow and children of Augustine Wood, deceased (of whom plaintiffs herein are heirs), title to an undivided one-half interest in the same land sued for by plaintiffs in the present suit; and that the defendants in the present suit and their predecessors in title are purchasers pendente lite and are lis pendens purchasers from and are privies in estate with said Wm. Wood (plaintiff in said cause No. 1560) and his heirs.

At the conclusion of the evidence for all the parties, the court instructed the jury to return a verdict for defendants. Judgment was entered accordingly. Plaintiffs appealed.

The land in question was conveyed to Augustine Wood in 1854. At that time he

Ralph B. Shank and Butler & Price, all of Tyler, for appellants.

was married to Nancy Wood. Augustine Wood died in 1855. He was survived by his wife, Nancy Wood, and by nine children, namely: William, Mary, Martha, Nancy, Sarah, James, Frances, and Susannah. The nine children were the sole heirs of Augustine Wood, deceased. Wm. Wood, after the death of his father, filed suit in the district court of Rusk county against his mother and some, if not all his brothers and sisters to recover title to an undivided one-half interest in the 369-acre tract of land. The cause is styled Wm. Wood v. Nancy Wood et al., No. 1560, on the docket of said court. At the spring term, 1856, a judgment was entered in said cause reading as follows:

"24th day, Spring Term, 1856. William Wood v. Nancy Wood et al.

"In this cause came all the defendants and it appearing to the court that James Wood, Sarah Ann Wood, Susannah Wood, Mark A. Wood and Frances Caroline Wood were minors, appealing by their guardian, Nancy Wood, James R. Armstrong, Esquire, an attorney of this court was appointed to defend for them. Whereupon came a jury of good and lawful men, to-wit, S. C. Thompson and eleven others, who being duly sworn to try the same, upon their oaths do say, that they find the issues in favor of the plaintiff and the allegations of said petition to be true.

"It is ordered and decreed that the plaintiff recover and have title vested in him for an undivided half interest in said land, hereinafter described, and that half of the said title be divested from the estate of Augustine Wood, deceased, and his heirs as set forth in the petition, which land is one-half of Lot No. 5, of the East half of the F. Cordova League in Rusk County, near the Smith County line as defined in a map made by M. H. Wadsworth, the district surveyor of Rusk County, on a division of said East half into lots, it being the same 369 acres conveyed by James M. Bullock to Augustine Wood, recorded in Rusk County, which deed was made on the 4th of January, 1854, and made a part of petition and decree for metes and bounds, the said land being on the road from Henderson to Tyler, bounded on the East by lands of Smith, South by Block Sold to Green, North by Block Sold to Tutt and by lands of Love and estate of House an undivided half of which lands are hereby ordered, adjudged and decreed to plaintiff and that plaintiff recover of defendants one-half of the costs in this behalf expended, for which execution may issue. And that defendant recover of plaintiff one-half of the costs in this behalf expended; for which let execution.

"W. W. Morris, Judge."

The judgment was properly entered of record in the minutes of the court. A certified copy was duly recorded in the deed records of Rusk county, July 11, 1856. No subsequent action was ever taken in the suit. The papers in the case could not be found. Presumably they were destroyed when the courthouse of Rusk county burned March 5, 1878. The minute book of the district court was saved from the fire. After the judgment was entered Wm. Wood rendered 184½ acres, one-half the land, for taxes for the years 1856–1861, inclusive, and his surviving wife rendered same for taxes for 1862–1864, inclusive. Nancy Wood, surviving wife of Augustine Wood, deceased, rendered 184½ acres for the years 1856–1864, inclusive. In 1871 N. S. Craven, as guardian of the estate of the children of Wm. Wood, deceased, conveyed the east one-half of the 369-acre tract to D. G. Towns. Those of the appellees who claim the east one-half of the 369 acres deraign title through and under this guardian's deed, in addition to their claim of title by limitation. Appellants are the heirs of Mary, Martha, Nancy, James, and Sarah Wood, five of the children of Augustine and Nancy Wood. Three of the children, Mark, Frances, and Susannah, died without issue. Appellants have never asserted claim to any part of the 369 acres of land until the filing of this suit in 1934. Appellees and their predecessors in title have claimed the 369 acres under actual and continuous occupancy for periods of time ranging from 45 to 65 years. On this appeal appellants do not question appellees' title by limitation to the west one-half of the land. Only the east one-half is in controversy on this appeal. Appellants contend that appellees' record title under the heirs of Wm. Wood to the east one-half of the land is good only as to a ⅛ undivided interest. Appellants claim the other ⅝ of the east one-half. Appellants further concede that appellees have also acquired title by limitation to all the east one-half if the above-mentioned judgment in the case of Wm. Wood v. Nancy Wood et al., is a final judgment, or if said suit be held to have been abandoned.

It·is the contention of appellants that the above-mentioned judgment is interlocutory and not final, (1) because it fails to dispose of Nancy Wood, one of the defendants mentioned in the caption of the judgment and by testimony identified as the surviving wife (distinguishable from Nancy Wood the daughter)' of Augustine Wood, deceased; and (2) because the judgment undertakes to divest title out of the "estate" of Augustine Wood, deceased, without any executor or administrator of said estate having been made party to the suit; and (3.) because the judgment undertakes to divest title out of the "heirs" of Augustine Wood, deceased, without all such heirs having been made parties to the suit, in that, it is contended, three of the children of Augustine Wood, deceased, namely, Mary, Martha, and Nancy (ancestors of some of appellants) were not parties to the suit; that the judgment being interlocutory, the cause is still pending and undisposed of; that appellees and their predecessors in title are, as to the east one-half of the land, purchasers pendente lite and are lis pendens purchasers from and under Wm. Wood, plaintiff in that suit; that such facts prevent the operation of the statutes of limitation in favor of appellees as to said east one-half of the land.

Appellants further contend that lapse of the long period of 'time of more than 75 years since the institution of the suit by Wm. Wood and the entry of said judgment, without further orders being entered or action taken and without appellants or their ancestors having asserted any claim or right with respect to the suit or the land, raises no presumption in favor of appellees that the suit was abandoned, because appellees are purchasers pendente lite under Wm. Wood, plaintiff in the suit, and whose duty alone it was to act.

■ Failure to dispose of all the parties or issues may result in a judgment being interlocutory in character as distinguishable from a final judgment. Linn v. Arambould, 55 Tex. 611. Appellants construe the judgment here in question as not having disposed of the defendant Nancy Wood, because, it is contended, the judgment does not "divest out of her" title to any of her interest in 'the land. We do not agree with appellants' view of the effect of the judgment. The subject-mat·ter before the court as revealed by the judgment was the one-half. undivided interest in the land sued for by plaintiff William Wood. The judgment decrees: "It is ordered and decreed that the plaintiff recover and have title vested in him ˙for an undivided half interest in the land, hereinafter described, * * * an undivided half of which lands are hereby ordered, adjudged and decreed to plaintiff, and that plaintiff recover of defendants one-half of the costs in this behalf expended, for which execution may issue. And that defendant recover of plaintiff one-half of the costs in this behalf expended; for which let execution." The above language clearly decrees a recovery to plaintiff of an undivided one-half interest in the land. The legal consequences of such decree "divested" the defendants of any title they may have had to that portion of the land awarded to plaintiff as effectively as if the judgment had expressly so recited; for reason that the successful party in our statutory action of trespass to try title recovers his adversary's title as fully as if by voluntary conveyance, such is the legal consequences òf the judgment in his favor. Taylor v. Higgins Oil & Fuel Co. (Tex.Civ. App.) 2 S.W.(2d) 288; Campbell v. McLoughlin (Tex.Civ.App.) 270 S.W. 257; Id. (Tex.Com.App.) 280 S.W. 189. The principle is most frequently invoked by the successful defendant, in cases where judgment has been rendered "that plaintiff take nothing by his suit." It is then expressed in the following language: "A judgment in an action of trespass to try title that plaintiff take nothing by his suit is an adjudication that the title to the land involved is in the defendant, and such a judgment is equally as effective for that purpose as one expressly vesting title in the defendant." Permian Oil Co. v. Smith (Tex.Sup.) 73 S.W.(2d) 490, 496. The principle is but an application of the provisions of the statute as to the conclusive effect of a judgment for the recovery of real estate. R.S. art. 7391. We think the judgment decreeing a recovery in favor of plaintiff of a one-half undivided interest in the land operated against each of the defendants in the respect of foreclosing any claim of title they may have had to that portion of the land so awarded to plaintiff, and that the judgment is not interlocutory for failure to expressly divest title thereto out of the defendant, Nancy Wood. It was not essential to the validity of the judgment that the names of the defendants be expressed in the body of the judgment. A judgment for or against "plain-

tiffs" or "defendants" will bind the parties thus designated whose names may be ascertained without ambiguity from the record, and reference may be made to the caption, record, pleadings, and process. 33 C.J., § 131; Smith v. Chenault, 48 Tex. 455; Smith v. Switzer (Tex.Civ.App.) 270 S.W. 879; Bendy v. W. T. Carter & Bro. (Tex.Com.App.) 14 S.W.(2d) 813.

■ We do not think the judgment is made interlocutory for lack of finality as the result of having attempted to divest title out of the "estate" of Augustine Wood, deceased. No administrator or executor of said estate was named as defendant in the judgment. It does not appear in the record or otherwise that an administration was pending or that there was any necessity for an administration upon said estate. Assuming that these facts would, as contended, prevent the presumption being indulged in favor of the judgment that the court had acquired jurisdiction over the "estate" of Augustine Wood, deceased, then that part of the judgment attempting to divest title out of said estate was invalid and of no more effect than an attempt to render judgment against a party not a party to the suit. But that did not vitiate or affect plaintiff's recovery against the defendants who were before the court. It was not essential to the suit that administration be procured and the administrator be made a party. The lack of which merely rendered that part of the decree in so far as it attempted to divest title out of said estate of no effect. It did not render the judgment interlocutory in character or destroy its validity as between the parties to the suit. In De Proy v. Progakis (Tex. Civ.App.) 259 S.W. 620, 624, it is said: "If an administrator be hereafter appointed, he, as representative of creditors, will not be prejudiced by the judgment rendered in plaintiff's behalf, because not a party to this suit. It does not appear from the record that there are creditors of the estate or that the necessity for an administration will ever arise; but, if it does, that fact will not prevent the judgment in plaintiff's favor from being valid and binding as between the parties to this suit, since no partition of the property was sought. Solomon v. Skinner, 82 Tex. 345, 18 S.W. 698; Heirs of Tevis v. Armstrong, 71 Tex. 59, 9 S.W. 134. It would have been otherwise if a partition had been prayed for. Article 6097, Rev.Statutes; Holloway v. McIlhenny Co., 77 Tex. 657, 14 S.W. 240;

Boone v. Knox, 80 Tex. 642, 16 S.W. 448, 26 Am.St.Rep. 767."

■ Appellants further contend that the judgment is not final, but merely interlocutory as result of attempting to divest title out of the "heirs" of Augustine Wood, deceased, without naming them in the body of the judgment and without three of the nine heirs being parties to the suit. In the particular in question the judgment reads: "* * * and that half of said title be divested from the estate of Augustine Wood, deceased, and his heirs as set forth in the petition." William Wood, the plaintiff, and James, Sarah, Susannah, Mark, and Frances, appearing in the judgment as defendants, account for six of the nine heirs. Mary, Martha, and Nancy were the three heirs not expressly named in the face of the judgment. The judgment recites appearance of all the defendants. We think the expression "his heirs as set forth in the petition" as used in the judgment warrants the inference in favor of the validity of the judgment that all the heirs of Augustine Wood were named defendants in petition, except the one named as plaintiff. We further think that the decree against the "heirs of Augustine Wood, deceased, as set forth in the petition" would bind all such heirs that were in fact named in the petition and appeared in the suit. Such is but a reasonable deduction from the holding in Smith v. Chenault, supra, and Smith v. Switzer, supra. In Stevenson v. Flournoy, 54 Ky. 561, 13 S.W. 210, 211, it is said: "There is a plea of nul tiel record; but, as it must be determined by the record, it is unnecessary to notice it further than to say that a properly certified copy of the judgment was filed in this action. It was held in Shackleford v. Fountain's Heirs, 1 T.B.Mon.[Ky.] 252 [15 Am.Dec. 115], that a judgment in favor of 'Fountain's heirs,' without naming them individually, was not void for uncertainty. The court said: 'If the court below rendered such judgment, even if it is erroneous, we cannot say that it is void for uncertainty.' In the late case of Parsons v. Spencer, 83 Ky. 305, such a judgment was held not to be void. It is to be presumed in such a case that the record of the suit discloses their individual names. No injustice can be done, because, if questioned, certainty can be reached as to those in whose favor the judgment was rendered by reference to the papers of the suit. The same rule ap-

plies where a judgment is in favor of the descendants of a person, without naming them individually. It is not in forma, but yet it is not void."

 However, it is not essential to the finality of the judgment in question that the part of the decree undertaking to divest title out of the "heirs" of Augustine Wood, deceased, be sustained. Invalidity in that particular would not render the judgment interlocutory in character. It would not affect that part of the judgment against those parties who, it is conceded, were defendants before the court as shown by the judgment. No partition being asked, it was not necessary that all the heirs of Augustine Wood, deceased, be made parties to the suit in order to proceed to a final judgment against those who were parties defendants. Heirs of Tevis v. Armstrong, 71 Tex. 59, 9 S.W. 134; De Proy v. Progakis (Tex.Civ.App.) 259 S.W. 620; Hetherington v. Texas Trunk R. Co. (Tex.Civ. App.) 34 S.W. 995; Houston & T. C. Ry. Co. v. State, 89 Tex. 294, 34 S.W. 734.

The judgment is affirmed.