RANSOM A. EPPS (PLAINTIFF BELOW), RESPONDENT, v. JAMES BOWEN, PROSECUTOR.

Argued January 20, 1937—Decided March 25, 1937.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *William F. Hanlon.*

For the respondent, *Sol Hoberman.*

The opinion of the court was delivered by

PARKER, J. This is an application for a writ of *certiorari* to a judgment entered for plaintiff in the Second District Court of Jersey City. The grounds of the application seem directed to irregularities of procedure which, as claimed, deprive the judgment of legal efficacy.

Counsel for prosecutor submit a chronological statement apparently reciting every step in the cause, much of which is irrelevant and immaterial. The general facts so far as relevant are that the action was begun in the Second District Court, and the judge of that court, for reasons satisfactory to himself and which we naturally assume to have been entirely proper, preferred that it should be tried by some other judge, whom he had the power to call in under section 19 of the District Court act. *Comp. Stat., p.* 1959. His first act in that respect was to enlist the judge of the Second Judicial District Court of Hudson county, which court sits customarily at Kearny. That judge directed a reference, presumably under *Pamph. L.* 1912, *p.* 196; and judgment was entered on the

referee's report in the Second District Court of Jersey City, as part of the record in that court. However, that judgment was set aside and the case was tried with a jury. This trial took place in Kearny, under the direction of the judge of the Kearny court, and resulted in a verdict for plaintiff. But quite plainly there was no transfer of the record to the Kearny court, and no judgment was entered in that court. At this stage there were some proceedings by way of appeal, but they came to nothing because as yet there was no judgment of record. However, execution was issued, and was challenged (before the judge of the Jersey City court, holding the record) because of lack of a judgment. He examined the record, and finding there was no judgment, directed one to be entered; necessarily based on the verdict. This was done, apparently *nunc pro tunc,* and the execution was then upheld by the court.

Only two matters seem to require any comment at this time. The first is the trial at Kearny instead of at Jersey City. As to this, we consider that the trial judge was qualified to preside under the statute first cited, and that as his jurisdiction was co-extensive with the county, a trial elsewhere in that county than at the court room of the Jersey City court, and apparently by consent of the parties, was not legally objectionable. A transfer of the record of the cause might have been a different matter. *Schubert* v. *Third Judicial District Court,* 10 *N. J. Mis. R.* 414, 416.

The second matter relates to the execution as issued before the actual entry of the judgment, though six months after the verdict. The verdict was on May 8th, and the omission to enter judgment thereon was a mere misprision of the clerk, whose duty it was to enter it, without entry of any rule by the attorney as in the Circuit Court. We think judgment *nunc pro tunc* was within the power of the court (1 *Arch. Prac.* 338; *McNamara* v. *New York, &c., Railroad Co.,* 56 *N. J. L.* 56, 58) ; and particularly as a District Court judgment is not a lien on lands. *Comp. Stat., p.* 2956, § 2. Moreover, by section 68 of the District Court act it is provided that the practice of the Circuit Courts shall apply so far as appli-

cable in the absence of other express provision. Now section 173 of the Practice act of 1903 provides that "in any action which has been finally determined, until the clerk shall enter the record of the judgment, the verdict or rule for judgment entered in the minutes shall be held and taken in the court in which the same is obtained to be the record of the judgment in such action and shall be received in evidence in said court as such judgment, as fully as if the record had been made up and signed." Under this, the entry of the verdict was sufficient as a judgment until the formal entry of judgment. *Nitti* v. *Public Service Railway Co.,* 104 *Id.* 67, 69.

*Allocatur* is denied, with costs.