Bell Discount Corporation, Plaintiff-Appellant, v. Pete Weck's Auto Service, Inc., Defendant-Appellee.

### Gen. No. 46,391.

First District, First Division.
December 13, 1954.
Released for publication March 7, 1955.

William S. Blatt, of Chicago, for appellant.

Blake & Blake, and Arthur Abraham, all of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Plaintiff brought an action in replevin to recover an automobile which it claims was wrongfully detained by the defendant. The sheriff made a return that he served the writ on the defendant, which refused to turn over the automobile. The plaintiff amended to trover and secured a default judgment. More than thirty days later defendant petitioned to have the judgment vacated and the court so ordered. Plaintiff appeals.

Plaintiff maintains that the trial court had no jurisdiction to enter the order vacating the judgment after thirty days had elapsed, that the judgment was proper and that the petition to vacate is insufficient. The defendant answers that a void judgment may be vacated at any time and that the judgment is void because the record does not identify with certainty the parties for and against whom it is entered. We are asked to decide whether the judgment is void for uncertainty.

■ ■ The judgment order is entitled with the names of the plaintiff and the defendant and recites that "judgment be entered for the plaintiff in the amount of $750 and costs." The judgment is certain as to the plaintiff and the amount. The law is that a judgment for or against a defendant is sufficient if his name can be ascertained without ambiguity from the record. 49 C J S, page 196. While the form is not to be commended, there is no ambiguity in the judgment. There is one plaintiff and one defendant.

Therefore the order of the county court of Cook county vacating the judgment is reversed.

Order reversed.

FRIEND and NIEMEYER, JJ., concur.