Celia D. Peare, as Administratrix of the Estate of Samuel G. Peare, Deceased, Respondent, v. Jerry C. Griggs et al., Doing Business as Griggs Trucking Company, Appellants.

First Department, March 3, 1959.

304

*William F. McNulty* of counsel (*Stanley D. Hicks*, attorney), for appellants.

*Benjamin H. Siff* of counsel (*Jack F. Weiss*, attorney), for respondent.

McNALLY, J. In an action grounded on the Virginia death statute, defendants appeal from a judgment in the sum of $25,570 in favor of plaintiff after a jury trial.

The only issue which we consider on this appeal is whether plaintiff is estopped from maintaining this action by virtue of a prior judgment rendered by the Circuit Court of Mecklenburg County, State of Virginia, against her individually.

On November 30, 1952 plaintiff's late husband was killed as the result of a collision between the motor vehicle he was operating and a tractor-trailer owned by defendants and operated by their employee. The accident took place along U. S. Route 1, in Mecklenburg County, Virginia. At the time, the decedent, who together with plaintiff operated a food

company, was driving south on firm business in a motor vehicle registered in plaintiff's name.

The Virginia action was instituted by the defendants against the plaintiff individually and as administratrix of the estate of her deceased husband by a motion for judgment. The motion for judgment was predicated upon the accident of November 30, 1952 and alleged the negligence of plaintiff's intestate and resulting damage to the tractor-trailer of the defendants herein. The plaintiff herein appeared in the Virginia action by her attorney both individually and as administratrix. After a jury trial a verdict in the sum of $4,378.82 was rendered in favor of the defendants herein and thereupon judgment in said sum was entered against "Celia Dora Peare, Individually and trading as S. G. Peare & Company." The judgment omitted reference to the plaintiff herein in her capacity as administratrix which was the basis for the learned trial court's holding that the judgment was not *res judicata* as to Mrs. Peare as administratrix. Thereafter this plaintiff, the defendant in the Virginia action, individually and as administratrix, petitioned the Supreme Court of Appeals of the State of Virginia for a writ of error and supersedeas which was refused and the judgment of the Circuit Court was affirmed.

Under the circumstances of this case, the plaintiff, individually and as administratrix, having controlled the defense of and the appeal from the judgment in the Virginia action, is estopped from prosecuting this action. (*Fish* v. *Vanderlip,* 218 N. Y. 29, 36–37; *Castle* v. *Noyes,* 14 N. Y. 329, 332, 335.) "In any inquiry with respect to the binding force of a former judgment the term 'parties' includes all who are directly interested in the subject-matter and who have a right to make defense, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment." (*Ashton* v. *City of Rochester,* 133 N. Y. 187, 196.) The legal effect of the Virginia judgment is unaffected by the fact that it is nominally against the plaintiff herein individually and does not purport to be against her in her representative capacity. What is determinative is that the plaintiff in this action has fully litigated the issue of negligence in respect of the same occurrence in an action between the defendants herein and herself. (Cf. *Israel* v. *Wood Dolson Co.,* 1 N Y 2d 116.)

Moreover, one need not rely only on the element of control because this plaintiff was the party of record in the Virginia action. The mere fact that the judgment omitted her name

as administratrix was apparently a clerical error. The judgment roll included in the present record shows indisputably that Mrs. Peare was a party to the action in both her individual and representative capacities and that the jury determination was rendered against her in both capacities. Any remaining doubt created by the omission in the judgment is removed by the further fact that Mrs. Peare concededly appealed from the judgment in both her individual and representative capacities. The order of the Supreme Court of Appeals of the State of Virginia, which affirmed the judgment in question, recited the judgment as being one against Mrs. Peare in both her individual and representative capacities.

Thus, on any view, the record shows, and at the time Mrs. Peare so recognized it, that she had had her day in court in both capacities with regard to the issues arising from the collision between the passenger automobile and the tractor-trailer combination.

The general rule is stated in Corpus Juris Secundum:

" A judgment must designate the parties for and against whom it is rendered; but it may be saved from uncertainty in this respect by reference to the caption, record, pleadings, or process." (49 C. J. S., Judgments, § 75, subd. a.)

" Mistakes or inaccuracies in designating the defendants will generally be treated as mere irregularities, not invalidating the judgment, where the persons intended can be clearly ascertained from the record." (*loc. cit.*, subd. c.)

(In accord, see 2 Freeman, Judgments [5th ed.], § 773; cf. Restatement, Judgments, § 79, p. 357.)

Thus, where there has been a clerical failure to enter the judgment against all defendants, but the record makes it quite clear that all were intended to be included, the judgment will bind all. (*State* v. *Haney,* 277 S. W. 2d 632, 635–636 [Mo.]; *Reed* v. *Runyan,* 226 Ky. 261; *Russell* v. *Erwin's Administrator,* 41 Ala. 292, 301; *Parsons* v. *Spencer,* 83 Ky. 305; *Wood* v. *Gulf Prod. Co.,* 100 S. W. 2d 412 [Tex.]; *Bendy* v. *Carter & Bros.,* 14 S. W. 2d 813 [Tex.].)

The problem, of course, is simpler where there is but one plaintiff and one defendant; then the omission of the judgment to name the defendant has been deemed an insignificant irregularity. (*Bell Discount Corp.* v. *Pete Weck's Auto Service,* 4 Ill. App. 2d 397; *Goodman* v. *Tri-State Mut. Life Assn.,* 318 Ill. App. 388; *Brandt* v. *Brandt,* 138 Fla. 243.)

Not to be confused with the problem involved in this case or those cited above is the situation where the omission of one

of several defendants results from a finding or a possible finding that the omitted defendant was not intended to be included. (*Strauss* v. *Oppenheimer,* 185 N. Y. S. 849; *Singleton* v. *National Land Co.,* 183 Iowa 1108.)

If the judgment had unequivocally conformed to all of the prior proceedings, the direct estoppel by way of *res judicata* would be clear. All that is then involved is the question whether the Virginia judgment, which neglects to mention that it is against Mrs. Peare in her capacity as administratrix, is limited by reason of that omission. We are of the opinion there is no such limitation and for the reasons above stated, we hold that the Virginia judgment is *res judicata.*

The judgment should be reversed on the law, the facts not having been considered, and the complaint dismissed, without costs.

BOTEIN, P. J., BREITEL, M. M. FRANK and STEVENS, JJ., concur.

Judgment unanimously reversed on the law, the facts not having been considered, and the complaint dismissed, without costs, and judgment directed to be entered in favor of defendant dismissing the complaint, without costs. The appeal taken from the decision denying the motion to set aside the jury's verdict is dismissed, without costs on the ground that no appeal lies from such decision.